Andrews, J.
It does not appear from the papers when the defendant returned to the city. The order for publication, for aught that appears, was duly and regularly made, and, even if defendant returned before the time for publication expired, there is no provision of the Code, so far as I am aware, which made it necessary that the papers should be served upon the defendant personally because of such a return. The judgment was regularly entered, and the defendant can only come in as matter of favor.
No proper affidavit of merits is presented, nor is any very good reason given why the default should be opened. Still, the defendant himself swears that he has a defense, and perhaps he should be allowed to defend on terms.*
The default will be opened so far as to permit the defendant to serve an answer, the judgment to stand as security, upon the payment of all disbursements made by the plaintiff, and $10 costs of this motion.
Order to be settled on notice.

 The rule generally applied by the justices of the first district, is that a plaintiffs default should always be opened; the only question on motion to open such a default usually being as to the terms to be imposed as a condition of granting the relief.
In Henry Prouse Co. v. Findley (53 Super. Ct. [J. & S.] 524), a motion to open a default by defendant, was held properly denied in the discretion of the court, the statements as to defendant’s reasons for not opposing being vague and indefinite, and his affidavit of merits more than counter-balanced by opposing affidavits.