THOMAS M. KING, JOHN K. COWEN, Respondents, v.
REON BARNES, JOHN H. POST and Others, and the
NEW YORK TRANSIT AND TERMINAL COMPANY
(Limited), Appellants.

SAME v. SAME — Appeal of Reon Barnes from Order
Punishing Him for Contempt.

SAME v. SAME — Appeal of John H. Post from Order
Punishing Him for Contempt.

> When a receiver may be appointed to enforce a judgment against a corporation — Code
> of Civil Procedure, sec. 713 — when the court has acquired jurisdiction it may grant
> all appropriate relief germane to the action, though not stated in the order to show
> cause — upon the return of an order to show cause why a defendant should not be
> adjudged to be guilty of a contempt, testimony of witnesses may be received if not
> objected to by any party — a refusal to comply with an order upon the ground that
> it is alleged to be does not relieve the defendant from contempt.

An agreement between the plaintiffs and the defendant Barnes provided that they
should bear equally the costs of such property as might be purchased for the
purposes of, and all expense incident to, the creation and organization of a cor-
poration to be known as the New York Transit and Terminal Company, and
generally of the enterprise, and to share equally in the profits.  In this action,
brought to enforce the rights of the plaintiffs under such agreement, a
final judgment was entered adjudging them to be entitled to the relief
sought; the defendant, the corporation, failed to comply therewith and an order
was made requiring it to show cause why an order should not be entered pro-
viding for the holding of a meeting for the election of directors of the defendant
corporation, and why a receiver should not be appointed of its franchise,
property, etc.  On the return day of this order to show cause, an order was made
appointing a receiver of all the franchise and the property of the corporation, and
directing all persons in possession of such franchise, property, etc., to surrender
the same to the receiver, and also appointing a referee to hold and conduct a
meeting for the election of new directors for the said defendant corporation, and
enjoining the defendants from making any disposition of the property of the said
corporation, and from issuing or delivering any of the capital stock of the corpora-
tion, except as directed by the order or final judgment, and from incurring any
debts or obligations in the name and for the account of the corporation.

Upon an appeal from this order the appellants claimed that as there was in the order
to show cause no prayer for an injunction, or for any direction to the referee to
take charge of the election, and no prayer for other or further relief, the appoint-
ment of the referee and the injunction against the defendant transcended the relief
sought by the preliminary order:

*Held,* that the moving papers sought all the relief granted, and the parties having been heard the court acquired jurisdiction and possessed sufficient power to grant all appropriate relief germane to the subject involved.

That the appointment of the receiver was authorized by section 713 of the Code of Civil Procedure, providing that a receiver of property, which is the subject of an action in the Supreme Court, may be appointed by or after the final judgment to carry the judgment into effect or to dispose of the property according to its directions.

That as the action was brought to establish and enforce the rights of the parties who had advanced money and incurred liabilities, in reliance upon the agreement for the joint enterprise, it was peculiarly and indisputably within the jurisdiction of a court of equity, and the remedies of injunction and receivership were necessary to the final and complete relief

*King* v. *Barnes* (109 N. Y., 267).

That the defendants could not shield themselves behind the company, as this action was based upon the original agreement, and that the charge of fraud could not be met by setting up rules of law available to corporations.

---

An order was made requiring the defendant Barnes and others to show cause why they should not be punished for a contempt in disobeying the order of the court. Thereafter, pursuant to an order of adjournment made for that purpose, the counsel for the plaintiffs and for defendant Barnes both appeared and testimony of witnesses was taken in open court, and thereupon an order was made adjudging the defendant Barnes guilty of the misconduct alleged against him in the moving papers, and imposing a fine upon him of $250 and directed that he should be committed to the county jail for six months.

The defendant Barnes claimed that the order should be reversed upon the ground that the preliminary order only commanded him to show cause why he should not be punished for contempt in refusing to transfer stock, and for such other relief as the plaintiff might be entitled to, while the final order for punishment was based upon the charge of aiding and abetting the officers of the company in refusing to obey the directions contained in the final judgment.

*Held,* that as the final order was made after a full hearing, when all the parties were before the court, and was not beyond the scope of the preliminary order which required Barnes to show why he should not be punished for the alleged offense of contempt, the objection could not be sustained.

That an objection that the whole proceeding was erroneous, because the judge received the testimony of witnesses on the hearing of the motion, was not well taken, as there was no compulsory obedience to the order for oral proof, and the parties appeared voluntarily, and the testimony was taken without any objection being made by the defendants.

That the punishment imposed upon the defendant was neither beyond the requirements of the evidence nor the authority of the statute.

That aiding others in the violation and defiance of the orders of the court amounted to a civil contempt, and might be punished as such by both fine and imprisonment, and if the act or duty could not be performed then the imprisonment could not exceed six months and until the fine was paid.

*People ex rel. Mayor* v. *N. Y. and Staten Island Ferry Co.* (64 N. Y., 624); *People ex rel. Munsell* v. *Oyer and Terminer* (101 N. Y., 245) followed.

Upon an appeal from an order inflicting punishment on the defendant Post for a contempt in refusing to obey an order of the court, it appeared that a copy of the order appointing a receiver of the defendant corporation was served personally on the defendant Post on the 19th day of October, 1888, accompanied by a letter from the receiver requesting Post to inform him at what time the officers of the company, Post being one, would deliver to him the property, books, papers and seal of that company as directed by the order. Post having appointed a time, the receiver with his counsel, met the defendants Barnes and Post and a formal demand was then made for the said books, seal and property of the company, in reply to which demand Post said that he had taken counsel and was advised that the order appointing the receiver, was contrary to the express provisions of the statute. At this time he made no denial of his ability to deliver the property demanded, and based his refusal to comply with the order upon its illegality and invalidity solely.

*Held*, that such conduct and refusal was clearly contumacious; that while the order was in force it was the duty of the defendant to obey it.

That, in this case, the design of the defendant was to avoid and defy the order, and as his pretense was false and frivolous his conduct amounted to a willful contempt and presented the case for the interposition of the court for the vindication of its process.

APPEAL by the defendants, the New York Transit and Terminal Company (limited), Reon Barnes, John H. Post, William Carpenter and Wilbur F. Disosway, from an order made at a Special Term held in the city of Poughkeepsie on October 13, 1888, entered in the office of the clerk of Richmond county on October 15, 1888, appointing a receiver of the defendant corporation, directing the holding of a corporate election for directors, under the control of a referee; and enjoining the defendants from making any disposition of the property of the defendant corporation to any person, or for any purpose whatsoever, except as directed in the said order or as directed by the final judgment, and from incurring any debts or obligations, or entering into any contract or agreement of any kind whatsoever for the sale of the property of the corporation, or otherwise, in the name and for the account of the corporation.

Also an appeal by the defendant Barnes from an order made at a Special Term, held at Poughkeepise on October 27, 1888, and entered in the office of the clerk of Richmond county on November 20, 1888, adjudging the said Barnes in contempt, and punishing him by imprisonment for six months in any county in which he might be found, and by a fine of $250.

Also an appeal by the defendant John H. Post from an order made at a Special Term at Poughkeepsie on October 27, 1888, and entered in the office of the clerk of Richmond county on November 20, 1888, adjudging the appellant to be in contempt for not delivering the franchises, records, books, papers, seal and property of the New York Transit and Terminal Company (limited), to John Frank Emmons, who had been, by an order made on October 13, 1888, appointed a receiver of the property and effects of the said corporation.

This action was brought to compel the transfer to the plaintiffs of certain interests which they claimed in the stock of the defendant corporation, which stock, they alleged, had been issued to defendant Barnes by a corporation he had organized in pursuance of an agreement with them, that they should own some of the stock after the organization, and that he had wrongfully withheld it from them. The complaint also asked an accounting between him and themselves as to certain moneys furnished by him and them to purchase the property of the corporation and further the cancellation of 7,000 additional shares of stock which they claimed had been unlawfully issued to him. The complaint stated that the corporation was organized to buy and sell real estate; that the authorized capital was $1,000,000, and that only $100,000 of such stock had been lawfully issued. An interlocutory judgment was entered in the action on August 2, 1886, which was affirmed by the General Term by a judgment entered in January, 1887, and the final judgment in the action was entered May 17, 1887. These judgments were affirmed by the Court of Appeals on April 10, 1888; the opinion of the Court of Appeals will be found in 109 New York, 267.

*William H. Hornblower* and *James McNamee,* for the appellants.

*John H. Post,* appellant, in person.

*MacFarland, Boardman & Platt,* for the respondents.

DYKMAN, J.:

The litigation in this case has been severe and the matters involved were complicated and unusual, but the defense has been found destitute of merit, and all the questions presented have been decided adversely to the contention of the defendants.

Under the decision of the court of last resort, the plaintiffs became entitled to full relief, and the execution of that judgment has now devolved upon the Supreme Court. Upon the failure of the defendants to comply with the requirements of the judgment, an application to the court for the enforcement of such compliance became necessary, and in obedience to such necessity an order was made by a justice of the Supreme Court requiring the defendant to show cause at a Special Term why an order should not be entered at the foot of the final judgment in this action, and, in order to carry the same into effect, directing and providing for the holding of a meeting for the election of directors of the defendant, the New York Transit Terminal Company (limited). And, also, why a receiver should not be appointed of the franchises, property, records and papers of the said defendant company, in order to carry the judgment into effect.

The motion came on and was heard, and all the matters stated in the moving papers were found to be true, and a receiver of all the franchises, the property and of the seal of the corporation was thereupon appointed, and all persons in possession of such property, franchises and seal, were ordered to surrender the same to the receiver. A referee was also appointed to hold and conduct the meeting for the election of new directors for the New York Transit and Terminal Company (limited). The defendants have appealed from the last recited order, and the sole question presented or argued by the appellants, as stated by their counsel, is this : " Did the court below have jurisdiction to make the order appealed from, and is it in accordance with law and a proper exercise of judicial power ? "

The appellants maintain the negative of this proposition and make a preliminary challenge to the order, because it transcends the relief sought for by the primary order to show cause. There was in that order no prayer or notice for an injunction, or for any direction to the referee to take charge of the election, and no prayer for other or further relief, but the moving paper sought all the relief granted, and laid the foundation for its bestowment, and the parties appeared and were fully heard, and the court, therefore, acquired jurisdiction and possessed sufficient power to grant all appropriate relief, so far as the same was germane to the subject involved. Upon the merits, we think the appointment of the receiver

was authorized by section 713 of the Code of Civil Procedure, which is as follows: "In addition to the cases where the appointmen of a receiver is specially provided for by law, a receiver of property, which is the subject of an action in the Supreme Court, a Superior City Court, or a County Court, may be appointed by the court in either of the following cases:" * * * "By or after the final judgment to carry the judgment into effect, or to dispose of the property according to its directions."

We think the section has a very salutary application here, and was designed to meet an emergency such as has arisen in this case. The judgment cannot be carried into effect, and a disposition made of the property according to its direction, without wresting such property from the fraudulent possession of the defendants, and placing it in the custody of an officer of the court. We are unwilling to confess the inability of the Supreme Court, with the equity powers of the old Court of Chancery, to carry into execution the judgment in this action by the employment of all the instrumentalities known to the law, and ordinarily utilized for such purposes, even without the provision of section 713 of the Code. Neither do we think the general provision of the Code of Civil Procedure respecting the appointment of receivers of the property of corporation antagonistic to the exercise of the powers vested in the courts of equity to execute their judgments. These provisions, as well as those of chapter 378 of the Laws of 1883, apply only to the appointment of receivers in cases of insolvency. Application for the appointment of receivers in equity actions, in all stages, are by no means uncommon, and they are appointed on general principles of equity, independent of all statutory provisions. They are common-law receivers, and custodians of the property for its protection, and their appointment may be made without reference to the location of the principal office of the company. (*United States Trust Co.* v. *N. Y., W. S. and B. R. R. Co.*, 35 Hun, 341; S. C., 101 N. Y., 478.) Beside all this, under the judgments of the courts, these defendants now occupy the position of contumacious usurpers. They have no right to represent this corporation; they have been detected in efforts to prostitute the company to fraudulent purposes, and a solemn adjudication has been made requiring them to surrender all the property and franchises to the equitable and lawful owners.

This terminal company was formed in pursuance of an agreement between the plaintiffs and the defendant Barnes, providing for the organization of a corporation under the laws of this State, for the purpose of taking title to such property as might be purchased, and for the payment therefor by the issuance of full paid capital stock or otherwise. This agreement provided that the parties thereto, the plaintiffs and the defendant Barnes, should bear equally the costs of such property as might be purchased, and all expenses incident to the creation and organization of the corporation and of the contemplated enterprise generally; and they were to share equally in the profits, benefits and advantages that might accrue from the execution of the agreement.

It is, therefore, the agreement, which is beyond the corporation, which controls the rights of these parties in this action, and it is the execution of that agreement which the courts are called upon to enforce; and the profits, benefits and advantages to accrue from the execution of the agreement were to be shared equally by the parties thereto. By the agreement the parties entered upon a joint enterprise for their mutual benefit, and their rights and liabilities rest upon the express terms thereof, and are to be enforced upon the principles applicable to partnership transactions.

The action is prosecuted to establish and enforce the rights of the parties who have advanced money and incurred liabilities in reliance upon the agreement for the joint enterprise, and is, therefore, peculiarly and indisputably within the jurisdiction of a court of equity, and the remedies of injunction and receivership are incidental and necessary to the final and complete relief. (*King* v. *Barnes*, 109 N. Y., 267.) These litigating defendants cannot shield themselves behind the company. The rights, duties and liabilities of the parties to the agreement are not to be determined by the rules of law applicable to corporations in actions brought against them, and these rules of law cannot be invoked by these defendants in any stage of this litigation. This action is based upon the original agreement and general principles of equity jurisprudence, and applies to the general jurisdiction of courts of equity, under which those courts decree the specific performance of agreements: Relieve against fraud; marshal property; adjust equities between parties to partnerships and joint adventurers, and " varies its adjustments and

proportions so as to meet the very form and pressure of each particular case in all its complex habitudes." (Story's Equity Jurisprudence, § 439.) These defendants cannot, therefore, defend themselves against the charge of fraud made against them by setting up rules of law available to corporations. They are required to defend themselves and answer the charges made against them, without regard to the artificial body created under the agreement as a mere instrument to be utilized in the execution of a great scheme. They can claim no immunity under that organization; neither can they place that body between them and justice; and the plaintiffs cannot be embarrassed in any way by reason of its existence, or by reason of any rules of law which it might invoke for its protection in a proper case.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

PRATT, J., concurred.

DYKMAN, J. :

This is an appeal from an order made at a Special Term of this court, adjudging the defendant Barnes guilty of contempt for aiding and abetting the defendant Post and Disosway in their contempt in willfully disobeying the order of this court.

An order was made requiring the defendant Barnes and others to show cause why they should not be punished for contempt, and on the return of that order an order was made adjourning the motion to October 20, 1888, and directing the parties to attend at the court on the last-named day with their witnesses, and that the testimony of such witnesses, and such documentary proof as might be then produced by either party in respect to the charges made against said Barnes in the moving papers, be taken in open court. No opposition or objection was made to that order. The motion was subsequently adjourned to October 26, 1888, and on that day the counsel for plaintiffs and defendant Barnes both appeared, and testimony was taken before the judge in open court, and thereupon an order was made which adjudged the defendant Barnes guilty of the misconduct alleged against him in the moving papers, and that he had aided and abetted the other defendants in their contempt and willful disobedience of the order of this court. A fine was imposed

upon him of $250, and he was also committed to the county jail for six months. No objection was lodged against the order for taking testimony or against the taking of the testimony in that way, or to the mode of procedure in any way at any stage of the proceedings; and it seems to have been assumed that all the proceedings in that respect were assented to by the defendant Barnes. No appeal was made from the order for taking the testimony until the time had expired, and then an order was made at Special Term permitting the defendant Barnes to amend his notice of appeal from the order inflicting his punishment for contempt, so as to bring up for review the first order.

The first objection made to the final order is this: The preliminary order commanded Barnes to show cause why he should not be punished for contempt in refusing to transfer stock, in compliance with the final judgment in this action, and why the plaintiff should not have such other and further relief; whereas the final order for punishment was based upon a charge of aiding and abetting the officers of the company in their contumacy, and that variance is now claimed to be fatal. The final order was made after a full hearing, when all the parties were before the court, and is not beyond the scope of the preliminary order, which did require Barnes to show cause why he should not be punished for the alleged offense of contempt, and the objection cannot prevail. Again, it is insisted that the whole proceeding was erroneous, because the judge received testimony on the hearing of the motion. We are by no means prepared to yield assent to the claim of error here put forth as a proposition of law; but we are not required to decide the question, because the defendant is not in a position to raise it. The order for oral testimony was made, and the testimony taken, without objection, and the defendant being present by his counsel, must be deemed to have assented to the proceeding and to have waived all objection which might have been made thereto. The legal view, therefore, is, the whole proceeding was by consent. There was no compulsory obedience to the order for oral proof, and the parties appeared voluntarily, and the testimony was taken, and it would be quite unjust to the plaintiff to permit an objection after such voluntary acquiescence in the proceedings.

Upon the merits, we find the conviction well sustained and fully

justified. The proceedings show the infusion of the master will of Barnes to control the other defendants, and especially the defendant Post, to whom he furnished pecuniary aid, as well as strength of purpose, to resist the judgment and orders of the court. Entering the company upon the selection of others, under an agreement or understanding to resign on request, and permitted to qualify himself for a director by subscription for stock, without paying therefor, the defendant Post has been, from the first, entirely subservient to the wishes of Barnes, sustained by his care and molded by his will, without freedom of thought or independence of action. We are prepared to sustain the conviction; and although the question of punishment·is involved in some obscurity in all these cases of civil contempt, yet we think the punishment imposed on this defendant is neither beyond the requirement of the offense nor the authority of the statute.

Aiding and assisting others in the violation and defiance of the orders of the court amounts to a civil contempt, and may be punished as such. (*People ex rel. Mayor* v. *N. Y. and Staten Island Ferry Co.*, 64 N. Y., 624.) A civil contempt may be punished by both fine and imprisonment, and if the act or duty cannot be performed, then the imprisonment may not exceed six months and until the fine is paid. (*People ex rel. Munsell* v. *Oyer and Terminer*, 101 N. Y., 245.) It was the duty of the defendant Barnes to refrain from evil and exert no malign influence upon his co-defendants, and for a failure of duty in that respect he has been punished. That duty cannot now be performed, and he may now be punished for his violation of the private rights of the defendants; and even though there be in such imprisonment a trace of the element of punishment, yet such punishment may be imposed to check similar violations in the future. (Id., 247.)

The order should be affirmed, with ten dollars costs and disbursements.

PRATT, J., concurred.

DYKMAN, J.:

This is an appeal from an order of the Special Term of the Supreme Court inflicting punishment on the defendant Post for a contempt in refusing to obey the mandate of the court.

On the 13th day of October, 1888, an order was made at a Special Term of this court, appointing a receiver of all the franchises, seal and property of every description, records, books and papers of the corporation known as the New York Transit and Terminal Company (limited); that order also required all persons in possession of any such franchises, property, records, books, papers and seal to surrender the same to the receiver on demand forthwith. A copy of the order was served on the defendant Post, personally, on the 19th day of October, 1888, accompanied by a letter from the receiver, requesting Post to inform him at what hour that afternoon, or on the following Monday, the officers of the Terminal Company, Post being one, would deliver to him the property, books, papers and seal of that company, as directed by the order. Post stated in reply that he would meet the receiver at the office of the company on Monday, November 22, 1888, at noon. The receiver, with his counsel, attended at the appointed time and place, but Post was not there; another appointment was made for a meeting at the same place on the following Wednesday, at noon, and the receiver and his counsel, Mr. Boardman, then met the defendants Barnes and Post and had an interview. A formal demand was then made for the books, seal and property of the Transit and Terminal Company in accordance with the order of October 13, 1888, accompanied with a statement that the whole, or any part thereof, would be accepted. In reply to the demand Mr. Post said he had taken counsel and was advised that the order of October 13, 1888, was made in a case not authorized by law, and contrary to the express provision of the statute. He stated further that, in order to have the matter judicially determined, he had, that morning, obtained from the Supreme Court an order to show cause why the order of October thirteenth should not be vacated and declared void, which order was returnable on Friday next, and he suggested that matters should be allowed to stand as they were until the hearing upon such order. To that suggestion no reply was made. At this interview Post made no denial of his ability to deliver the property demanded, and based his refusal to comply with the order upon its illegality and invalidity solely. In his affidavit to oppose the motion for his punishment for contempt, he says he did not then have any of the books or papers in his possession, which means only actual

possession, and is far from a statement of want of control or ability to comply with the order. On the contrary, his conduct and language amounted to an admission of ability to comply with and obey the order, and a refusal to obey because the order was illegal and void. Such conduct and refusal was clearly contumacious. While the order was in force it was the duty of the defendant to obey it and not to avoid it by subterfuges. If a party can be permitted to disobey an order of the court because he deems it invalid, there will be a speedy end to obedience of legal process. Mandates of courts of general jurisdiction, issued in the usual course of legal procedure, are valid until reversed, and impose a duty of compliance, and disobedience thereto is contempt.

In this case, however, the design of the defendant was to avoid and defy the order. His pretense was false and frivolous. His conduct amounted to a willful contempt, and presents a case for the interposition of the court for the vindication of its process. It is true that no punishment can be imposed for disobedience of a mandate in excess of the jurisdiction and beyond the power of the tribunal from which it issued, and the authorities cited by the appellant relate to that class of writs and orders.

Errors committed by a court upon the hearing of an action or proceeding which it is authorized to hear, but not affecting any jurisdictional facts, do not invalidate its orders or authorize a party to treat them as void, but can be taken advantage of only by appeal or motion in the original action. (*Fischer* v. *Langbein*, 103 N. Y., 90; *Day* v. *Bach*, 87 id., 56.) Here the order for the appointment of a receiver was within the powers and jurisdiction of the Supreme Court and was made on notice, and after full hearing in an action where the court had jurisdiction of the parties and of the subject-matter. Moreover, the order has been affirmed at the present term of this court, and our reasons for such affirmance are contained in the opinion prepared upon that appeal and require no repetition here.

The order should, therefore, be affirmed, with ten dollars costs and disbursements.

PRATT, J., concurred.

Order adjudging Barnes in contempt affirmed, with ten dollars costs and disbursements. Order adjudging Post in contempt affirmed, with ten dollars costs and disbursements. Order appointing receiver, etc., of date of October 15, 1888, affirmed, with ten dollars costs and disbursements. Motion to dismiss appeal denied, without costs.