Application by Roswell P. Flower, for *mandamus* to compel Frederick W. Bleckwenn, as treasurer and receiver of taxes of Long Island City, to accept the taxes of 1880, without interest. Defendant appeals from a judgment allowing the writ.

Argued before BARNARD, P. J., and PRATT, J.

*W. J. Foster*, for appellant. *J Ralph Burnett*, (*Eliphalet Nott Anable*, of counsel,) for respondent.

BARNARD, P. J. The relator is the owner of certain lands in Long Island City. In 1880, the assessors, in making up the assessment roll, failed to annex thereto the sworn statement as required by law. The tax was void for this omission, but the legislature, by chapter 656, Laws 1886, ratified and confirmed the tax, and levied the same, with interest, upon the several pieces of land and premises upon which the same was originally assessed or levied. The relator claims that the legislature had no power to assess and aver the interest on the old tax, because it was invalid, and therefore did not draw interest. This objection is not well founded. The assessors had jurisdiction of the subject of taxation, and the omission to verify the roll was an omission which could be remedied by a healing act. The legislature could dispense with a certificate entirely, and still make a legal tax. *Ensign* v. *Barse*, 107 N. Y. 329, 14 N. E. Rep. 400, and 15 N. E. Rep. 401. The power to relevy the tax carried with it the power to levy the interest upon it. This alone would be just to those who paid the tax on the irregular assessment; and the point is clearly decided in *Spencer* v. *Merchant*, 100 N. Y. 585, 3 N. E. Rep. 682. The provision as to notice to be given to tax-payers when assessment roll is complete is not retroactive, but is to apply only to tax-rolls and levies subsequently made. The order should therefore be reversed, and the motion for a *mandamus* denied, with $50 costs of appeal and upon denial of motion.

---

### MURRAY v. HATHAWAY.

(*Supreme Court, General Term, Third Department.* September 21, 1889.)

APPEAL—DISMISSAL—FAILURE TO FILE BOND.

　　Where appellant is not moving his case, and the 60 days within which, under Code Civil Proc. N. Y. § 1341, he may perfect his appeal have not expired, a motion to dismiss the appeal, on the ground that no appeal-bond has been filed, will be denied.

Action by George W. Murray against Samuel W. Hathaway. Plaintiff moves to dismiss appeal.

Argued before LEARNED, P. J., and FISH and PUTNAM, JJ.

*L. R. Patterson*, for appellant. *L. L. Davis*, for respondent.

PUTNAM, J. We think the appeal should not be dismissed for the defendant's failure to file an undertaking. Although an undertaking seems to be required, (Code Civil Proc. §§ 1340, 1341, 2260,) yet as the defendant has 60 days to perfect his appeal, which time has not expired, and as he is not moving the case, his time to file the undertaking has not yet elapsed, and hence the motion on that ground is premature.

But section 1304 Code Civil Proc., provides that an appeal cannot be taken from an order made by a judge out of court unless entered in the clerk's office, and this order, it appears, was not so entered. Therefore, on this ground, the appeal should be dismissed. It seems, however, that the plaintiff has been irregular in proceeding under the order before its entry, and may, therefore, have misled the defendant as to its entry. We think the proper disposition of the case is to dismiss the appeal, without costs. This will not prevent the defendant, if he desires, from taking a new appeal, and giving the undertaking required by the Code. All concur.