GEORGE W. MURRAY, Respondent, v. SAMUEL W. HATH-
AWAY, Appellant.

*Supreme Court, Third Department, General Term, September 21, 1889.*

1. *Appeal. Dismissal.*—A motion to dismiss an appeal on the ground of the
   non-filing of the undertaking, before the time to file it has elapsed,
   is premature.
2. *Same.*—An appeal from an order made by a judge out of court, unless
   entered in the clerk's office should be dismissed.

Motion to dismiss appeal from final order in summary proceedings ; ground of motion is no bond ; answer is sixty days not yet elapsed ; also, the defendant has been removed from possession and no stay desired.

*C. R. Patterson*, for appellant.

*L. L. Davis*, for respondent.

PUTNAM, J.—We think the appeal should not be dismissed for the defendant's failure to file an undertaking. Although an undertaking seems to be required by Code Civ. Pro., §§ 2260, 1340, 1341, yet, as the defendant has sixty days to perfect his appeal, which time has not expired, and, as he is not moving the case, his time to file the undertaking has not yet elapsed, and hence, the motion on that ground is premature. But § 1304 of the Civil Code provides that an appeal cannot be taken from an order made by a judge out of court, unless entered in the clerk's office, and this order, it appears, was not so entered ; therefore, on this ground, the

appeal should be dismissed. It seems, however, that the plaintiff has been irregular in proceeding under the order before its entry, and may, therefore, have misled the defendant as to its entry.

We think the proper disposition of the case is to dismiss the appeal without costs. This will not prevent the defendant, if he desires, from taking a new appeal and giving the undertaking required by the code.

LEARNED, P. J., and FISH, J., concur.

## NOTE ON "DISMISSAL OF APPEAL."

The dismissal of an appeal is unnecessary after an affirmance of the order. King *v.* Barnes, 51 Hun, 550.

An appeal, unnecessarily taken, will be dismissed. Schmohl *v.* Fusco, 37 N. Y. St. Rep. 687.

As to when an appeal will be dismissed on account of delay in resettling case, see Gray *v.* American B. N. Co., 39 N. Y. St. Rep. 97.

The non-filing of a case is not a sufficient ground for dismissing the appeal. Davidge *v.* Coe, 58 N. Y. Sup. 558.

The general term should not dismiss an appeal on the ground that it involves no practical question, while involving a question of costs. Matter of Martin *v.* Johnson Co., 128 N. Y. 605.

An appeal will be dismissed, where there is no practical question left to be determined. Beadleston *v.* Beadleston, 50 Hun, 603.

An appeal to the court of appeals will be dismissed, where the record does not present any question of law for review. Dalzell *v.* L. I. R. R. Co., 119 N. Y. 626.

A motion to dismiss an appeal, where the time to file an undertaking has not elapsed, on the ground of its non-filing, is premature. Murray *v.* Hathaway, 54 Hun, 633.

An appeal from an unentered order of a judge out of court will be dismissed. Id.

As to when a special motion to dismiss appeal on the ground that appellant is not the party aggrieved, may be properly made, see Bryant *v.* Thompson, 59 Hun, 627.

After a vacation of his attachment, an appeal taken by a subsequent attaching creditor from an order denying his motion to set aside a prior attachment, will be dismissed. Hodgman *v.* Barker, 61 Hun, 625, 7.

A refusal to stay a motion to dismiss does not prevent the appellant from afterwards applying to the court below for the requisite certificate. Good *v.* Daland, 119 N. Y. 153.

Upon a motion to dismiss an appeal, the court will not go outside the

record further than to see if there has been a waiver of the appeal.   O'Brien v. Smith, 59 Hun, 624.

Where no case was filed, the appeal in Classon v. Baldwin, 59 Hun, 622, was not considered, and the case stricken from the calendar.

The fact that the appellant, in the court of appeals, has failed to notice the case for argument and place it on the calendar, is no ground for dismissing the appeal.   Nichols v. MacLean, 98 N. Y. 458.

A motion to set aside an order dismissing an appeal to the court of appeals, for a failure to comply with the rule as to service of papers, was denied on the ground of delay and acquiescence. . Matter of Boston, 19 W. Dig. 470.

The fact that the respondent has noticed the case for argument and placed it on the calendar does not preclude him from moving to dismiss the appeal on the ground that the judgment appealed from was not appealable. Stoughton v. Lewis, 2 How. N. S. 331.

An appeal to the court of appeals from an order of the general term sustaining an attachment will be dismissed, though the appellate court may not approve of the ground stated in the opinion of the court below, if an examination of the case shows any ground upon which the court below could, in the exercise of its jurisdiction, have sustained the attachment.   Nat. Park Bank v. Whitmore, 104 N. Y. 297.

Where the action is tried on its merits during an appeal from an order continuing an injunction *pendente lite*, and a judgment is entered restraining defendant from doing the same acts that he was enjoined by the order from doing, the order appealed from is merged in the judgment and the appeal will be dismissed.   Health Dep't v. O'Reilly, 49 Supr. 524.

A devisee of one-half of the premises under a will duly probated may, where the plaintiff in ejectment dies pending an appeal from a judgment in favor of the defendant, be substituted upon terms.   Van Horne v. Campbell, 32 Hun, 504, note.   If the devisee of the other half does not wish to prosecute the appeal, the judgment may be affirmed as to his portion of the premises in question.   Id.

Where it appears that a denial of a motion was made with leave to renew and that the appellant had renewed the motion, his appeal from the order should be dismissed.   Apsley v. Wood, 67 How. 406.

In Horton v. Boyle, 42 N. Y. St. Rep. 29, the plaintiff appealed from a judgment dismissing his complaint with costs.   He subsequently paid the judgment and served notice of withdrawal without tendering or paying the costs.   On a motion to dismiss the appeal, he asked until the next term to prepare the appeal papers.   It was held that the appeal was properly dismissed, and that, if he desired to prosecute the appeal, he should have proceeded with diligence.

Where, pending an appeal from an order refusing leave to serve a supplemental answer setting up the recovery of a judgment against the defendant's joint contractor, such judgment is vacated, the case stands as though no judgment had been rendered, and the appeal should be dismissed. Schmohl v. Fusco, 42 N. Y. St. Rep. 463.