GUINAN v. ALLAN et al.

(Supreme Court, Appellate Division, Second Department. April 18, 1899.)

1. ATTACHMENT—EXAMINATION AS TO PROPERTY OF DEFENDANT.

Code Civ. Proc. § 651, providing for the examination of a third person concerning the property of a defendant in attachment, does not authorize the court or referee to enter into an inquiry as to affairs of the witness wholly unconnected with the property of the defendant.

2. SAME—REFERENCE.

    Where a referee has been appointed to take answers of a witness concerning the property of a defendant in attachment, under Code Civ. Proc. § 651, and has discharged his duties, the court has no power to issue an order controlling the referee, and compelling the witness to produce books and papers which the referee had not directed to be produced.

Appeal from special term, Kings county.

Action by Annie Guinan, administratrix of Lawrence Guinan, against James Allan and Alexander Allan. Judgment for plaintiff. From an order on examination as third party, Radcliffe Baldwin appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Stephen C. Baldwin, for appellant.

A. J. Perry, for respondent.

WOODWARD, J. We are of opinion that the special term was without authority to grant the order appealed from. The sheriff of the county of New York, holding a warrant of attachment against the defendants, applied to the firm of Austin, Baldwin & Co., of New York, of which firm the appellant is a member, for a certificate, under the provisions of section 650 of the Code of Civil Procedure. The certificate was furnished, setting forth the fact that the firm had no property in their possession or control belonging to the defendants. The plaintiff then applied for and secured an order for the examination of the appellant, under the provisions of section 651 of the Code. The appellant appeared before the referee, and submitted to an examination, which examination was reduced to writing, subscribed, and sworn to, and, with the report of the referee and the testimony, was filed with the clerk of this court on the 28th day of November, 1898. During the course of the examination the appellant referred to certain monthly statements between a firm in Montreal and the firm of Austin, Baldwin & Co., neither of which firms, so far as the testimony discloses, has any connection with the defendants. The appellant was asked if he would produce these monthly statements, and refused to do so, whereupon plaintiff's counsel asked the referee to declare witness in contempt. The referee reserved decision upon this point, but subsequently refused to hold appellant guilty of contempt, and fixed a time for the signing of the testimony; the appellant subsequently appearing and signing the same as above stated. After the conclusion of the examination, and before the date set for the signing of the testimony, the plaintiff obtained an order to show cause at a special term of the supreme court why an order should not be made directing the witness to produce the monthly statements referred to in his testimony. Upon the hearing of the motion, on the 23d day of December, 1898, an order was entered that:

    "The said Radcliffe Baldwin is ordered and directed, upon the service of due notice therefor, to produce before Andrew W. Gleason, Esq., referee, heretofore appointed, at such time and place as he shall direct, or at such time and place as the proceedings before him will be adjourned, the monthly state-

ments mentioned by said Radcliffe Baldwin in his testimony already taken before said referee."

Upon the merits of the order, it is difficult to conceive of any possible right which the plaintiff has to an examination of a monthly statement of accounts between Austin, Baldwin & Co. and H. & A. Allan, of Montreal; the defendants whose property is sought to be discovered being J. & A. Allan, of Glasgow,—both the persons and the firms, according to the testimony of the appellant, being distinct. There is nothing in the moving affidavits which shows any relation between the Montreal and the Glasgow firms; and it was clearly never within the contemplation of section 651 of the Code of Civil Procedure that, in an examination in reference to the property of the defendant, the court or the referee could enter into an inquiry as to affairs of the witness wholly unconnected with the property of the defendant. Such a proceeding would be a violation of private rights, not to be tolerated in any well-regulated community, and it is hardly to be wondered at that the appellant should refuse to bring these statements before the referee.

It is provided by section 854 of the Code of Civil Procedure that where a judge or referee has been heretofore, or is hereafter, expressly authorized by law to hear, try, or determine a matter, or to do any other act in an official capacity, in relation to which proofs may be taken, or the attendance of a person as a witness may be required, a subpœna may be issued, by and under the hand of the judge or referee, requiring the person to attend, and also, in a proper case, to bring with him a book or paper. The referee appointed under the provisions of section 651 of the Code of Civil Procedure, at any time while the proceeding was within his control, might have issued a subpœna, and required the attendance of the witness, with the books and papers; but nowhere do we find any authority for the court, after having appointed a referee, to issue an order controlling either the referee or the witness. The court had exhausted its powers in the premises when it had appointed a referee, and the power of the referee was at an end when the testimony had been taken, and his report placed on file with the clerk of the court. See People v. Ball, 37 Hun, 245. Section 867 of the Code of Civil Procedure provides that "a person shall not be compelled to produce, upon a trial or hearing, a book of account, otherwise than by an order requiring him to produce it, or a subpœna duces tecum"; and it is further provided that such "order may be made, as prescribed in this section, by a judge of the court, or in a special proceeding pending out of court before an officer, by the officer, or, in either case, by a referee duly appointed in the cause, and authorized to hear testimony." This shows that the policy of the law is to place these matters in the control of the court having immediate jurisdiction of the question, and not to subject witnesses and others to the control of orders issued by courts of concurrent jurisdiction. The referee, who had jurisdiction of the appellant, and who was confronted by the refusal of the witness to produce the monthly statements, did not see fit to make use of his power to compel the production of the same; and the special term had no power, after the referee had discharged his

duties under the order appointing him, and had ceased to have any control over the subject-matter, to revive the powers of the referee, and to compel the witness to produce books and papers which the referee had not directed to be produced in the manner prescribed by section 854 of the Code. While it is, no doubt, true that the court, upon a proper application, might appoint a new referee, who would have the power to issue a subpœna duces tecum, this is a matter involving sound discretion. As was said in the case of Canavan v. McAndrew, 20 Hun, 46:

"A judgment creditor is not permitted to harass his debtor by successive examinations in supplementary proceedings. He is entitled to examine the defendant, as fully as may be, once. After that, it becomes a question of sound discretion. It is well settled that a second order will not be granted as a matter of course. To secure it, properly, the affidavit should disclose the first proceeding, and give some good reason for again invoking the powers of the judge, such as subsequently acquired property, or the like."

The order appealed from should be reversed, and no further proceedings should be had, unless upon a new order appointing a referee.

Order reversed, with $10 costs and disbursements, and motion denied. All concur.