WILLIAM H. HEADDINGS, Appellant, *v.* HORACE H. GAVETTE, Respondent.

*Order — extent of relief granted when the order is made on default, and where it is made after a hearing of both parties — defect in an affidavit of merits — not available for the first time upon appeal.*

An order granted on default should be limited to the relief asked for in the notice of motion; but where the parties are before the court, and a hearing is had upon the merits, the court may make such an order as is justified by the facts disclosed, at least to the extent of including in the order provisions incidental to the relief demanded in the notice of motion.

*Semble,* that the objection that an affidavit of merits, presented on a motion to open a default, was defective, cannot be taken for the first time upon an appeal from an order granting the motion.

APPEAL by the plaintiff, William H. Headdings, from an order of the Supreme Court, made at the Washington Special Term and entered in the office of the clerk of the county of Washington on the 11th day of May, 1903, granting the defendant's motion to open a judgment taken by default in the above-entitled action.

*James White,* for the appellant.

*Frank H. Mason,* for the respondent.

CHASE, J.:

Plaintiff commenced an action against the defendant by the service of a summons without a complaint. Within twenty days thereafter the defendant gave the same to his attorney and directed him " to look after the matter for him." On the same day plaintiff's attorney was told by the attorney so employed by the defendant that he would appear in the action ; but the notice of appearance was not served in time, and judgment was obtained against the defendant on default. Defendant served a notice of motion for an order " that the judgment herein be vacated and the findings on which it was entered set aside, and that the attorney for the defendant be allowed to serve his notice of retainer." After a hearing, an order was made allowing the defendant to serve his notice of retainer upon payment of ten dollars costs. The order also provided that the defendant have twenty days to serve his answer after the service of the com-

plaint, and it further provided that the judgment entered by the plaintiff be allowed to stand as security for any judgment that the plaintiff might obtain against the defendant upon the trial of the issues to be formed by the pleadings, and that all proceedings upon the judgment entered be stayed until the trial of the action. From such order this appeal is taken.

Plaintiff contends that the order is broader than the relief asked for in the notice of motion. Where an order is granted on default, it should be limited to the relief asked for in the notice of motion; but where the parties are before the court, and a hearing is had upon the merits of the subject under consideration the court can make such an order as is required by the facts disclosed, at least to the extent of including provisions incidental to the relief demanded, (*Jones* v. *Cook*, 11 Hun, 230.)

Plaintiff also contends that the defendant's affidavit of merits is defective. It does not appear that such objection was made at the Special Term. The court at Special Term passed upon the defendant's excuse for failing to appear within twenty days after the summons was served upon him and also upon the good faith of this application, and exercised its discretion in favor of opening the default upon the terms stated. (*Duché* v. *Voisin*, 18 Abb. N. C. 358; *McConihe* v. *Palmer*, 76 Hun, 116.

All concurred.

Order affirmed, with ten dollars costs and disbursements.