### SMITH et al. v. COWLES.

(Supreme Court, Appellate Division, Third Department.   June 27, 1906.)

EXECUTION—SUPPLEMENTARY PROCEEDINGS—SETTING ASIDE ORDER—AFFIDAVIT.
  Where the affidavit of a judgment defendant, in an action by plaintiffs
  as administratrix and administrator, states that three years previously an
  order for the examination of defendant in supplementary proceedings was
  made on a judgment recovered by the administratrix individually through
  the same attorney who represents the present plaintiffs, and that the de-
  fendant is a poor man and has only his salary of $1,000 a year for the
  support of his family, but does not state that he has now no property
  which should be applied in payment of the judgment, an order for his
  examination in supplementary proceedings will not be set aside.

Appeal from Special Term, Warren County.

Action by Mary Ann Smith and another, as administratrix and ad-
ministrator of Horace Crittenden, against Benjamin S. Cowles.   From
an order refusing to set aside an order for the examination of the de-
fendant in proceedings supplementary to execution, defendant appeals.
Affirmed.

See 81 N. Y. Supp. 524.

Argued before SMITH, CHESTER, KELLOGG, and COCH-
RANE, JJ.

Henry W. Williams, for appellant.
Adam Armstrong, for respondent.


SMITH, J.   Upon a judgment in this action against defendant and
the return of execution unsatisfied an order was made for defendant's
examination in supplementary proceedings before a referee therein ap-
pointed.   This motion to set aside this order for examination is made
by the defendant on the ground that in 1903, upon a judgment recovered
by Mary Ann Smith, individually, the defendant was exhaustively ex-
amined by the same attorney who now represents these plaintiffs.
While it appears by the affidavit of defendant's counsel that the defend-
ant is a poor man and has only his salary of $1,000 a year for the
support of his family, it does not appear that he has now no property
which should be applied in payment of the judgment.   At least in the
absence of such a statement, clearly and specifically made by the de-
fendant himself under oath, this order for examination should not be
set aside.

Defendant's apprehension that he may be unreasonably harassed by
such an examination to the detriment of his present business connection
rests upon the assumption that the referee will not confine the examina-
tion within reasonable limitations.   This proceeding is not authorized
to be used as a club to enforce settlements of claims which the debtor
is without property to pay.   If at any time it should appear to the ref-
eree that such use was being made of the proceeding it would be within
his power to force the concluding of the examination, or upon the failure
of the referee properly to protect the interest of a judgment debtor, the
county judge or this court at Special Term would have the power at any

time to set aside the order for examination upon the ground that the right thereby given was being abused.

The order should therefore be affirmed, with $10 costs, and disbursements. All concur.