## RANDALL v. RANDALL.

(Supreme Court, Appellate Division, Second Department. July 29, 1910.)

ACCOUNT (§ 20*)—VACATING ORDER OF REFERENCE—POWER OF COURT.

The court, in a suit for an accounting, may, on motion to set aside the report of the referee appointed to state an account and report, and the judgment entered thereon, vacate the report and judgment and the order of reference; and, though the vacation of the order of reference is not expressly asked for, it is proper, since the parties are entitled to an unbiased referee, and because the referee first appointed may not again act, except by order of the court.

[Ed. Note.—For other cases, see Account, Dec. Dig. § 20.*]

Appeal from Special Term, Suffolk County.

Action by Henry M. Randall against Charles P. Randall. From the part of an order vacating and setting aside the report of a referee and the judgment entered thereon, which vacates the order of reference previously entered, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, THOMAS, and RICH, JJ.

Thomas J. Ritch, Jr., for appellant.
T. M. Griffing, for respondent.

HIRSCHBERG, P. J. The parties were for some years engaged in the lumber business as partners, and the action is brought on an allegation that the partnership was dissolved by mutual consent in the month of July, 1897; the relief sought being an accounting of the partnership dealings and transactions, the appointment of a receiver with the usual powers and duties, a sale of the property, the payment of the partnership debts, and the recovery of a judgment against the defendant for whatever may be found due from him to the plaintiff. The answer, among other things, demands judgment in favor of the defendant for whatever may be found due from the plaintiff to him, if anything.

On the 17th day of June, 1903, an order of reference was granted, requiring the referee to take and state an account of the dealings between the parties, and to report what amount on such accounting shall appear to be due from either party to the other. The referee appears to have tried the case for a number of years, and in 1909 he made a report finding a balance due to the defendant from the plaintiff for the sum of $652.32, and directing the entry of judgment accordingly; and on such report a judgment was shortly thereafter duly entered in the clerk's office of the county of Suffolk in favor of the defendant and against the plaintiff for the sum found due, and dismissing the complaint on the merits. On motion of the defendant, the court at Special

Term, after hearing both parties, granted an order vacating and setting aside the report, and the judgment entered thereon, as irregular and invalid, and also vacating the order of reference. The defendant has appealed from so much of the order only as vacates the order of reference.

I think the order, in so far as appealed from, should be affirmed. Although the relief granted in the vacation of the order of reference was not expressly asked for in the notice of motion, it is consistent with the motion, is within the discretion and power of the court, and is clearly proper. The parties are entitled to a referee, even for the present purpose of stating the account between them, who is unbiased and impartial. Otherwise there would be nothing to do now but to reinstate the judgment as required by the existing report, entering it by order of the court, instead of by direction of the referee; and, as the limited nature of the appeal indicates that both parties agree that the judgment should be set aside, it would seem trifling to restore it. It was held in Trufant v. Merrill, 6 Abb. Prac. (N. S.) 462, 463, that a referee, upon completing his report, becomes functus officio, and a new one may thereafter be appointed. The court said:

"The motion was merely that the report be sent back to the referee who made it, with directions to decide all the issues. It was probably supposed that he was bound to state the accounts between the parties, and that until he did so he had not determined all the issues. If that view was correct, the order substituting or appointing a new referee should not be reversed, merely on the ground that no reason was assigned for the change, or that it was giving more than the moving party asked for. The referee first appointed, having made his decision became functus officio, and could not again act without being set in motion by the court; and it was not, therefore, incompetent for the court to appoint a new referee."

In Guinan v. Allan, 40 App. Div. 137, 139, 57 N. Y. Supp. 614, 616, this court held in effect that the power of a referee is at an end when he has filed his report, and that the Special Term cannot restore it. Mr. Justice Woodward said:

"The court had exhausted its powers in the premises when it had appointed a referee, and the power of the referee was at an end when the testimony had been taken and his report placed on file with the clerk of the court. * * * The referee, who had jurisdiction of the appellant, and who was confronted by the refusal of the witness to produce the monthly statements, did not see fit to make use of his power to compel the production of the same; and the Special Term had no power, after the referee had discharged his duties under the order appointing him and had ceased to have any control over the subject-matter, to revive the powers of the referee and to compel the witness to produce books and papers which the referee had not directed to be produced in the manner prescribed by section 854 of the Code. While it is no doubt true that the court, upon a proper application, might appoint a new referee, who would have the power to issue a subpœna duces tecum, this is a matter involving sound discretion."

In First National Bank of West Troy v. Levy, 41 Hun, 461, 462, the practice of sending back a report to a referee to supply alleged omissions was condemned. The court said:

"We think the practice of sending a report back to the referee to supply alleged omissions ought not to be encouraged, and if allowed in any case it should be only to supply some merely technical or clerical omission, not to reinvest that officer with judicial functions touching the case theretofore sub-

mitted for his decision. The necessity and propriety of such action should be clear."

On the question of the sufficiency of the notice, the case of King v. Barnes, 51 Hun, 550, 554, 4 N. Y. Supp. 247, 248, seems clearly in point. The order granted therein on the return of an order to show cause was fuller than the relief expressly sought, but was upheld as being germane to the subject involved; the parties having appeared and having been heard fully in the premises. The court said:

"The appellants maintain the negative of this proposition, and make a preliminary challenge to the order, because it transcends the relief sought for by the primary order to show cause. There was in that order no prayer or notice for an injunction, or for any direction to the referee to take charge of the election, and no prayer for other or further relief; but the moving paper sought all the relief granted, and laid the foundation for its bestowment, and the parties appeared and were fully heard, and the court, therefore, acquired jurisdiction and possessed sufficient power to grant all appropriate relief, so far as the same was germane to the subject involved."

In Headdings v. Gavette, 86 App. Div. 592, 83 N. Y. Supp. 1017, it was held that, while an order granted on default should be limited to the relief asked for in the notice of motion, where, on the other hand, the parties are before the court, and a hearing is had upon the merits, the court may make such an order as is justified by the facts disclosed, at least to the extent of including in the order provisions incidental to the relief demanded in the notice of motion.

In the case at bar, it is obvious that the account must be restated, and that the parties are free to litigate again the question of their respective claims. There is no reason why this should not be done in an impartial tribunal, and such a tribunal will be better and safer for both parties. As was said by the court in Gardiner v. Schwab, 34 Hun, 582, 583:

"If the referee or the court is to make further findings or conclusions, is there any reason why the parties should not be heard before him as to those findings and conclusions? This would result in a retrial. We cannot limit the matter, and say that the report or decision may be sent back to remedy accidental omissions. If sent back at all, why may not the court or referee change his former findings and conclusions altogether, or at least add such findings and conclusions as will quite reverse the former result."

In that case an order sending the case back to the same referee for further findings was reversed, as mentioned by the Code of Civil Procedure.

The order, in so far as appealed from, should be affirmed. All concur.