specified in section 501 of the Code of Civil Procedure. It states, if anything, a cause of action in tort, which does not arise out of the contract or transaction set forth in the complaint as the foundation of plaintiffs' claim, and which is not connected with the subject-matter of the action.

RAKOV, Respondent, v. BANKERS' LIFE INS. CO. OF NEW YORK, Appellant. (Supreme Court, Appellate Division, Fourth Department. May 29, 1914.) Action by Herman Rakov against the Bankers' Life Insurance Company of New York.

PER CURIAM. The Justices qualified to sit in this appeal being equally divided and unable to render a decision therein, the same is transferred to the Appellate Division, Third Department, to be there heard and determined, pursuant to section 231 of the Code of Civil Procedure. See, also, 159 App. Div. 933, 144 N. Y. Supp. 1141.

MERRELL, J., not sitting.

RAMMAURO, Respondent, v. ILLINOIS SURETY CO., Appellant. (Supreme Court, Appellate Division, Second Department. April 10, 1914.) Action by Francesco Rammauro against the Illinois Surety Company. No opinion. Motion for stay granted, upon appellant executing an undertaking in the sum of $1,500 to pay the judgment and costs. See, also, 152 App. Div. 934, 137 N. Y. Supp. 1139; 148 N. Y. Supp. 35.

RANDALL, Respondent, v. RANDALL, Appellant. (Supreme Court, Appellate Division, Second Department. June 19, 1914.) Action by Henry M. Randall against Charles P. Randall. No opinion. Motion denied, on condition that within 10 days appellant pay to the respondent or his attorney $10 costs of the motion, perfect his appeal, place the case on the next calendar, and be ready for argument when reached; otherwise, motion granted, with costs. See, also, 139 App. Div. 674, 124 N. Y. Supp. 524.

REALTY ADVERTISING & SUPPLY CO. v. W. J. KELLS MFG. CO. (Supreme Court, Appellate Division, First Department. June 19, 1914.) Action by the Realty Advertising & Supply Company against the W. J. Kells Manufacturing Company. No opinion. Application denied, with $10 costs. Order signed. See, also, 147 N. Y. Supp. 565.

REALTY ASSOCIATES, Appellant, v. CITY OF NEW YORK, Respondent, et al. (Supreme Court, Appellate Division, Second Department. July 31, 1914.) Action by the Realty Associates against the City of New York and William Bradley.

PER CURIAM. We think the complaint states but one cause of action against both defendants, and that a negligent interference with the plaintiff's right of lateral support, in which both defendants are claimed to be joint tortfeasors. Looking at the complaint alone, we cannot say that the city had provided proper plans for lateral support, and thus is not liable for the contractor's negligence. Order reversed, with $10 costs and disbursements, and motion granted, with costs, with leave to defendant to withdraw demurrer and answer within 20 days on payment of costs.

REALTY ASSOCIATES, Appellant, v. CITY OF NEW YORK, Respondent, et al. (Supreme Court, Appellate Division, Second Department. July 31, 1914.) Action by the Realty Associates against the City of New York, impleaded with the E. E. Smith Contracting Company. No opinion. Order reversed, with $10 costs and disbursements, and motion granted, with costs, with leave to defendant to withdraw demurrer and answer within 20 days on payment of costs. See Realty Associates v. City of New York, supra, decided herewith.

REED v. ALLISON. (Supreme Court, Appellate Division, First Department. July 10, 1914.) Action by Robert R. Reed against George F. Allison. No opinion. Motion to dismiss appeal granted, with $10 costs. Order filed.

REICH v. COCHRAN et al. (Supreme Court, Appellate Division, First Department. June 19, 1914.) Action by Lorenz Reich against Alexander S. Cochran and others. No opinion. Motion granted. Questions certified. Order filed. See, also, 147 N. Y. Supp. 1090.

REILLY, Respondent, v. BARRETT, Appellant. (Supreme Court, Appellate Division, Second Department. May 29, 1914.) Action by William F. Reilly against William M. Barrett, as President of the Adams Express Company.

PER CURIAM. Judgment and order reversed, and new trial granted, costs to abide the event, unless within 20 days plaintiff stipulates to reduce the verdict to the sum of $500, in which event the judgment, as so reduced, and the order, are affirmed, without costs.

THOMAS, J., dissents.

REINCKE, Respondent, v. TEXAS CO., Appellant. (Supreme Court, Appellate Division, First Department. June 19, 1914.) Action by Edgar A. Reincke against the Texas Company. J. L. Nesbitt, of Brooklyn, for appellant. G. E. Morgan, of New York City, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed. See, also, 151 App. Div. 940, 135 N. Y. Supp. 1138; 148 N. Y. Supp. 1140.

REINCKE v. TEXAS CO. (Supreme Court, Appellate Division, First Department. July 10, 1914.) Action by Edgar A. Reincke against the Texas Company. No opinion. Motion denied, with $10 costs. Order filed. See, also, 148 N. Y. Supp. 1140.