In the Matter of Supplementary Proceedings: BENJAMIN DAVIDSON and Another, etc., Judgment Creditors, Appellants, *v.* MORRIS SOKIRAN, Judgment Debtor, Respondent.

Supreme Court, Appellate Term, First Department, April 8, 1935.

*Benjamin Davidson,* for the appellants.

*Sol S. Perlow,* for the respondent.

PER CURIAM. On October 3, 1929, a judgment was entered in favor of the plaintiffs against the defendant in the sum of $472.50; execution was returned unsatisfied; on March 18, 1930, an order for examination in supplementary proceedings was signed, the judgment debtor was examined, no assets were disclosed and the examination was closed on April 4, 1930.

On the examination the judgment debtor testified that he had no occupation; that his license as an insurance broker had been suspended by the Superintendent of Insurance in 1929 for non-payment of premiums collected; that the judgment debtor was supported partly by his father and partly by his wife, and that he worked for his father, an insurance agent, at 230 Grand street, New York city, and did general office work at that address.

On December 1, 1934, on an affidavit submitted by the attorney for the judgment creditors, an *ex parte* order was signed for a second examination of the debtor in proceedings supplementary to execution. The affidavit of the attorney set forth, on information and belief, that since the last examination the judgment debtor has acquired assets applicable to the payment of the judgment. The sources of the attorney's information and the grounds of his belief were set forth as follows: The receipt of a letter from the Superintendent of Insurance, dated November 14, 1934, stating that on January 31, 1934, an insurance broker's license was issued to the judgment debtor, whose office was at 116 John street; that the current issue of the New York Telephone Directory contains the listing of the judgment debtor as in the business of insurance at that address; the name of the judgment debtor is listed on the bulletin board of the building as being in suite 608, and on the outer door of that room appear the names of Pioneer Agency, Inc., and Fire and Casualty Underwriters.

A motion was then made to vacate the *ex parte* order for the second examination. The motion was based on an affidavit of the judgment debtor, in which he urged that the order for the second examination be vacated because it was based on an affidavit which set forth no facts indicating that the judgment debtor had since the last examination secured any property or assets which were now in his possession. In his affidavit, however, the judgment debtor makes no mention of the business, if any, that he is now engaged in, fails to explain the reissuance to him of a license as insurance broker, and fails to state that he has no assets which are applicable to the payment of the judgment outstanding against him. (Cf. *Smith* v.

*Cowles,* 114 App. Div. 295.) The motion to vacate the second examination was granted " without prejudice to an application by the judgment creditor to move upon notice for leave to obtain an order for the examination of the judgment debtor upon a showing that the judgment debtor has come into possession of property since the last examination."

The action below is sought to be sustained on the authority of a case decided by this court some years ago (*Livingston* v. *Livingston,* 164 N. Y. Supp. 419). In that case it was said that, in order to justify a second examination in supplementary proceedings, " it should be made to appear that the judgment debtor has acquired property since his last examination, that it remains in his possession or under his control, and is applicable to the payment of the judgment * * * and, if several examinations within a short time of one another have recently taken place, then facts should be shown from which it may be inferred that the judgment creditor will obtain useful information * * * and that the examination is not being used as a club to enforce settlement of claims which the debtor is without property to pay." While this language may be susceptible of the construction placed upon it by the learned court below, we are of the opinion that the *Livingston* case does not stand for the proposition, that in order to obtain a second examination in supplementary proceedings a judgment creditor is obliged to specify with particularity property acquired by the judgment debtor since the last examination, which he now has in his possession. The correct rule we believe to be more flexible.

In *Canavan* v. *McAndrew* (20 Hun, 47 [General Term, First Dept.]) BARRETT, J., said: " A judgment creditor is not permitted to harass his debtor by successive examinations in supplementary proceedings. He is entitled to examine the defendant as fully as may be *once,* after that it becomes a question of sound discretion. It is well settled that a second order will not be granted as matter of course. To secure it properly the affidavit should disclose the first proceeding and give some good reason for again invoking the powers of the judge, such as subsequently acquired property or the like."

This case was cited with approval in *Guinan* v. *Allan* (40 App. Div. 137, 140 [Second Dept.]). It is sufficient, we believe, if the affidavit sets forth facts indicating a change in the financial condition of the judgment debtor since the last examination, and a reasonable likelihood that a further examination may reveal assets available for the satisfaction of the judgment, in whole or in part. The affidavits submitted in support of the second examination comply fully with this requirement.

It is further urged that the order for the second examination was defective, in that it failed to limit the examination to the period subsequent to the first proceeding. The general rule is that the second examination should be so limited. (*Matter of Walker,* 157 App. Div. 609.) This rule, also, is not inflexible in character. The matter is one which should be left to the sound discretion of the justice presiding at Special Term. The second examination should be limited to matters which occurred since the close of the first, unless, for good cause shown, the justice at Special Term in his discretion shall otherwise direct.

While it is true that a court will not permit its process to be invoked for the purpose of harassing a judgment debtor by numerous examinations in supplementary proceedings, it certainly will not put obstacles in the way of the enforcement of its mandates and of the collection of its judgments.

A judgment may be of little if any value, unless the machinery of the court is set in motion with a view to prompt collection with a minimum amount of expense and technicality. The judgment creditor should be encouraged rather than hindered in steps properly taken to secure what has been adjudged to be his due.

Order reversed, with ten dollars costs and disbursements, and examination of the judgment debtor directed to proceed at Part 2 of the City Court of the City of New York, county of New York, on the 18th day of April, 1935, at ten A. M.

All concur; present, LYDON, FRANKENTHALER and SHIENTAG, JJ.