HON. JAMES C. TOMASI County Attorney, Washington County
By letter of March 3 you ask for an interpretation of CPLR2302 as it relates to the requirement of the Washington County Clerk (hereinafter referred to as the "Clerk"), when requested by inmates at a correctional facility located in Washington County, to issue subpoenas for the production of witnesses.
I understand from our March 10 telephone conversation your inquiry arises out of requests to the Clerk in his capacity as Clerk of the Supreme Court (County Law § 525) made by inmates who have initiated CPLR Article 78 proceedings on their own behalf before the Supreme Court, Washington County. It is also understood your inquiry is directed to an interpretation of CPLR 2302(a), not CPLR 2302(b) as set out in your letter.
In treating the question in context the following statutory provisions are of relevance:
CPLR 2301 —
 "A subpoena requires the attendance of a person to give testimony * * *."
CPLR 2302(a) —
 "(a) Without court order. Subpoenas may be issued without a court order by the clerk of the court, a judge where there is no clerk, the attorney general, an attorney of record for a party to an action, an administrative proceeding or an arbitration, an arbitrator, a referee, or any member of a board, commission or committee authorized by law to hear, try or determine a matter or to do any other act, in an official capacity, in relation to which proof may be taken or the attendance of a person as a witness may be required."
An Article 78 proceeding is summary in nature. The Court may dismiss the proceeding on objections in point of law posed by a respondent. The Court may also, where respondent has answered, summarily determine issues of fact presented based on submitted papers. Where an issue specified in question four of CPLR 7803 is raised, the Court, pursuant to CPLR 7804(g), must transfer the proceeding to the Appellate Division. In certain cases the Court will set the proceeding for trial forthwith when a triable issue of fact is raised (CPLR 7804
[h]).
If request for issue of a subpoena is made to the Clerk in any circumstance other than where the Court has set the matter for trial, it is our view that such request need not be met because it would be a premature, and possibly useless, application. In such alternative circumstance, any judicial determination arrived at — viz., dismissal on objections in point of law, or determination on papers submitted to the Court, or transfer to the Appellate Division — would not require the "attendance of a person to give testimony" (CPLR2301; see also Matter of Blake, 51 Misc.2d 42, 44).
Where the matter is to be transferred to the Appellate Division pursuant to CPLR 7804(g), "the issue of fact shall be tried by a referee or at a trial term of the supreme court" (CPLR 7804
[h]). If a referee is appointed, it is he who must issue a subpoena. The Clerk would have no authority to issue a subpoena in the proceeding while it remains within the control of the referee (Guinan v. Allan,40 App. Div. 137; see also 7 Carmody-Wait 2d Section 54:23).
If, however, the Court relegates the parties to a trial of issues forthwith (CPLR 7804 [h]), and request at that time is made of the Clerk to issue a subpoena to an individual to appear to testify, the Clerk must comply. "The issuance of a subpoena for a witness during the progress of a cause at the request of a party is a matter of right and not a matter where the discretion of a judge or clerk may be exercised" (Matter of Coney Island Dairy Prod. Corp. v. Baldwin,243 App. Div. 178, 180-181; Matter of Trombetta v. Van Amringe,156 Misc. 307; see also 2A Weinstein-Korn-Miller, N.Y. Civ. Prac., par. 2301.08).
Thus, we are of the opinion that a County Clerk would be required to issue a subpoena upon request in an Article 78 proceeding brought by an inmate on his own behalf when such proceeding has been set for trial of a triable issue of fact by the Court.