WILLIAM F. LAWRENCE AND ANOTHER, APPELLANTS, *v.* ARVIN W. HARRINGTON, RESPONDENT.

| 63 195 |
|---|
| 133a 690 |

| 63 195 |
|---|
| 18ap160 |

| 63h | 195 |
|---|---|
| 72 AD [2] | 90 |

*Civil contempt — the false justification of sureties on appeal — a conviction for perjury is not necessary before the court can act.*

William F. Lawrence and another recovered a judgment against one Harrington, who appealed and gave an undertaking, upon which his sons justified before a notary public as sureties. Their affidavits as to their responsibility were false.

In a proceeding instituted to punish the sureties for contempt of court:

*Held,* that, under subdivision 4 of section 14 of the Code of Civil Procedure, they were persons guilty of an interference with the progress of the action, and that by it a right of the plaintiffs was impeded.

That it was not essential that the sureties should be convicted of perjury, as their conduct was a fraud upon the court and upon the plaintiffs in the judgment.

APPEAL by the plaintiffs, William F. Lawrence and James V. Lawrence, from an order of the Supreme Court, entered in the office of the clerk of Westchester county on the 28th day of September, 1891, denying a motion to punish Joseph H. Harrington and Arvin W. Harrington, Jr. (sureties) for a contempt of court.

The plaintiffs recovered a judgment against the defendant Arvin W. Harrington, from which the defendant appealed and gave, in 1888, an undertaking upon which his sons, Joseph H. Harrington and Arvin W. Harrington, Jr., were sureties. The judgment was affirmed at General Term, and an appeal was taken to the Court of Appeals in the same year, upon which the sons were also sureties.

In 1890 the judgment was affirmed by that court in part. At this time the defendant was insolvent, as was also Joseph H. Harrington.

Upon an examination in supplementary proceedings had in 1891, it appeared that the affidavits of justification of the sureties were false when made. No formal justification under the Code was had. The undertakings, which were verified in Rensselaer county, were not approved by a justice.

*James M. Hunt*, for the appellants.

*G. B. Wellington*, for the respondents.

PRATT, J.:

The papers clearly established that Joseph H. and Arvin W. Harrington, Jr., sureties, swore falsely upon a justification as sureties before a notary, with an intent to deceive the court as to their responsibility. They well knew that the purpose was to stay an execution against their father, and that result was accomplished by such false swearing.

The facts are too clearly proved to require discussion. It is also clear that the rights of the plaintiffs have been seriously prejudiced by such deceit and false swearing.

The plaintiffs were prevented from collecting their judgment, which constituted, under section 14 of the Code of Procedure, a civil contempt. It was an interference with the due and orderly progress of the action to its ultimate close, and impeded the right of the plaintiffs to collect the judgment. (*King* v. *Barnes*, 51 Hun, 550; affirmed in 113 N. Y., 476.)

It was not essential that the sureties could be convicted of perjury, as their conduct was a fraud upon the plaintiffs and the court and perverted the course of justice.

The distinction between a civil and criminal contempt has been pointed out too often to require any comment.

By falsely making the statutory oath they intended to and did defeat the remedy of the plaintiffs, and this prejudiced and injured their rights. (*Eagan* v. *Lynch*, 49 N. Y. Supr. Ct., 454; *Foley* v. *Stone*, 9 N. Y. Supp., 194.)

The presumption arising from the plaintiffs' papers is, that the plaintiffs were damaged to the amount of the judgment which they were prevented from collecting.

The order must be reversed, with costs and disbursements, and a rehearing ordered at Special Term.

BARNARD, P. J., concurred; DYKMAN, J., not sitting.

Order reversed, with costs and disbursements, and rehearing ordered at Special Term.