(25 Civ. Proc. R. 410; 7 App. Div. 132.)

PEOPLE ex rel. LAWYERS' SURETY CO. v. ANTHONY.

(Supreme Court, Appellate Division, First Department. June 29, 1896.)

1. CONTEMPT—WHO MAY MAINTAIN PROCEEDING—PERSON NOT A PARTY.

An order was made directing a receiver who had been removed to pay over to his successor the amount found due on his accounting. The order was not complied with, and his surety, on demand for the amount so found due, obtained an order authorizing him to pay the amount to the new receiver, and to take an assignment of all his rights. The surety then paid such amount, and took an assignment which stated that it was made with the intention of subrogating the surety to all rights under the order. *Held,* that the fact that the surety was not a party to the proceeding in which the order directing the payment was made did not prevent him from proceeding against the late receiver for contempt in disobeying the order to pay the amount found due from him.

2. SAME—ORDER TO PAY MONEY—DEMAND.

In such cause it was not necessary for the new receiver to make a demand on the late receiver for payment, as all the rights of the new receiver had been transferred by order of court to the surety.

3. SAME—ADMITTING OFFENSE CHARGED.

In a proceeding to punish for contempt in disobeying an order to pay money respondent admits the offense charged so as to dispense with the necessity of filing interrogatories where he filed an affidavit in support of a motion for a stay of proceedings pending an appeal taken by him from the order in which he admitted the entry of the order, that it required him to pay money which he had not paid, and states that he had taken an appeal on which he verily believed the order would be reversed, or so modified as to reduce his liability, but does not deny any of the facts claimed to be established by the order.

4. SAME—TERMS OF PUNISHMENT—FINE.

An order in a civil contempt proceeding which requires respondent to pay money as an indemnity to the party injured by the contempt is not irregular because it does not impose the payment of the indemnity in the form of a fine.

5. SAME—PERIOD OF IMPRISONMENT.

Under Code Civ. Proc. § 2285, providing that a party shall be imprisoned for not performing an act which it is still in his power to perform only until he has performed it and paid the fine imposed, and that in such case the order and warrant of commitment must specify the act to be performed, and the sum to be paid, a commitment for disobedience of an order to pay money is sufficient, though it does not specify the duration of the imprisonment.

6. SAME—COSTS.

In a proceeding for contempt the court has no power to adjudge costs against respondent unless there is evidence as to the amount of costs.

7. SUBROGATION—ASSIGNMENT WITH "INTENT" TO SUBROGATE.

An assignment by a creditor, on receiving payment of the debt from the surety of the debtor, of the claim against the debtor, subrogates the surety to the rights of the creditor, though the assignment stated that it was made with the "intention" of subrogating.

Appeal from special term, New York county.

Proceeding on the relation of the Lawyers' Surety Company of New York against D. Edgar Anthony. From an order adjudging defendant in contempt, and from commitment issued thereon, defendant appeals. Modified.

Argued before VAN BRUNT, P. J., and BARRETT, PATTERSON, and INGRAHAM, JJ.

Maurice Meyer, for appellant.

Carlisle Norwood, for respondent.

VAN BRUNT, P. J. The National Mutual Insurance Company, a corporation organized under the laws of the state of New York, being dissolved in an action brought for that purpose, the appellant was appointed permanent receiver thereof on the 10th day of May, 1894. He duly qualified and entered upon his duties as such receiver, and continued in office until he was removed by order of July 8, 1895, under the terms of which his final accounting was directed to be had before a referee. Thereafter said referee duly filed his report, and on the 3d of January, 1896, an order was duly made and entered in said matter, confirming said referee's report, and charging said appellant with the sum of $6,693.37 in cash belonging to the said National Mutual Insurance Company which he had failed to turn over to Mr. Daniels, who had been appointed receiver as the successor of the appellant. The said order directed the appellant to pay over at once said sum to Mr. Daniels, with interest from November 27, 1895. A demand having been made upon the Lawyers' Surety Company by Mr. Daniels, the present receiver, for the payment by said company as surety for said appellant of said sum of $6,693.37 with interest, thereafter, and on or about the 10th of February, 1896, an order was duly entered in the aforesaid action authorizing the said receiver to receive the payment of the said sum, with interest as aforesaid, from the surety company, and upon receipt thereof to assign, transfer, and set over to the said company all his rights and remedies against the appellant, so that said company should be subrogated to the rights and remedies of the said receiver. On the 17th of February, 1896, the Lawyers' Surety Company, as surety for the appellant, paid to Mr. Daniels, the present receiver of said insurance company, the said sum, with interest, and said receiver thereupon executed to the surety company an assignment of all his rights and remedies against the appellant for the payment of the said sum of $6,693.37, with interest. On the 2d of March, 1896, the surety company signed a demand upon the appellant for the payment of said sum, with interest, and by its attorney served the same upon the appellant, together with certified copies of the orders and papers upon which the demand was based. The appellant having failed to comply with this demand, an application was made for an order directing the issuance of a warrant of attachment as for contempt against the appellant for disobedience of said order of January 3, 1896, in failing and neglecting to pay said sum, with interest, which order was duly granted, and upon the same day a warrant of attachment was issued against the appellant, returnable forthwith. The sheriff, having arrested the appellant under the said warrant, brought him before the court, and on the 31st of March, 1896, after various adjournments, the matter came up for hearing. The appellant filed an affidavit in no way denying the facts hereinbefore stated, but alleging that he had taken an appeal from the order fixing the amount of his liability, and that upon such appeal he verily believed that the order would be reversed entirely, or so modified as to reduce his liability many thousands of dollars. The affidavit then proceeds to allege that the appellant is not chargeable with the amount which he has been adjudged to pay, and expresses

the desire to secure the surety company against any loss that they might sustain on his account, and asks that a stay of proceedings might be granted pending the appeal from the order on which this application is based, upon his giving security to hold himself amenable to any further order of the court. The court thereupon entered an order adjudging the appellant in contempt of court in not having obeyed the order of January 3, 1896, which required the payment of said sum of $6,693.37 with interest, and that the misconduct of the appellant was calculated to and actually did defeat, impair, impede, and prejudice the rights and remedies of the plaintiff therein, to its actual loss and damage in said sum and interest, besides costs, amounting to the sum of $250, which the appellant was directed to pay. It was further ordered that the appellant be committed to the sheriff, to be retained in close custody until he should pay said sums, and that a warrant issue to execute this order. Thereupon a warrant of commitment was issued, and from the last-named order and the said warrant this appeal is taken.

Various points are raised by the appellant upon the appeal. It is urged that, as the relator was not a party to the action or proceeding in which the order was made, it could not invoke or continue the rights and remedies which had been given by said order to the receiver, who was the successor of the appellant. It seems to us that this point is not well taken. It appears that the Lawyers' Surety Company was the surety of the appellant upon his bond, and that, upon it being determined that he was in default, upon application to the court, it obtained an order authorizing the present receiver to receive the amount which the appellant ought to have paid, and to make an assignment of all his rights under the order, which fixed the amount of the appellant's liability to the surety company. The surety company made the payment to the receiver, and such receiver, in pursuance of the authority conferred upon him by the court, assigned to the surety company all his claims under said order, with the intention, as was stated, of subrogating the surety company in his place and stead in respect to said order. It is urged that, because of the use of these words, there was no subrogation, and that Mr Daniels did not actually subrogate the surety company in his place and stead, but only stated that he intended by the assignment so to do. The surety company, having, under the circumstances disclosed, paid the amount required to be paid by the appellant, and the decree being assigned to it upon the authority of the court by its officer, succeeded necessarily to all the rights which the receiver had enjoyed, and was entitled to pursue the same remedies as the receiver had for the enforcement of the decree.

It is further urged that no sufficient personal demand was ever made of the appellant by any one. This seeems to be based upon the theory that the personal demand should be made by Mr. Daniels as receiver, even although, by the order of the court, all his rights had been transferred to the surety company. As already stated, that company, being his successor by means of the said assignment, had a right to pursue all the remedies which the law provided for the enforcement of the order.

It is urged that the demand required payment within three days, and the fact that the surety company gave the appellant an opportunity to comply with the terms of the decree is used as an argument that no absolute demand was ever made. We do not see the force of this reasoning. A personal demand was made upon him, copies of all the papers were served upon him, and he was required to pay; and the fact that the surety company gave him three days in which to make the payment certainly was not a waiver of the demand.

It is urged that, as the appellant did not admit the offense charged, interrogatories should have been filed. Upon an examination of the affidavit of the appellant, we think it clearly appears that it does admit all the facts necessary to constitute the offense charged. He admits the entry of the order, he admits that it required him to pay money which he had not paid, and all the answer that he makes is that he has appealed from the order, and hopes to reduce the amount, and asks for time. He nowhere denies the entry of the order, or the facts claimed to be established by the order; and we do not think that it was the intention of the Code that interrogatories must be filed unless the party makes an express admission upon the record. It is a rule of pleading in all civil actions and proceedings that a failure to deny is to be treated as an admission. When the appellant, therefore, made no denial whatever of any of the facts upon which the warrant of attachment was issued, there was no necessity for interrogatories. It appeared before the court that the appellant was guilty of the contempt.

It is further urged that there was no lawful determination of any of the necessary facts to justify the order for commitment, and that there was no legal proof of actual loss or injury to any one. It seems to us, where it appears that an order has been made that a receiver has a certain sum of money in his hands, which he fails to pay over upon proper demand, actual loss and injury are sufficiently shown. It is difficult to see how any other or more competent evidence could be offered.

It is further urged that, as the court did not impose in the form of a fine the payment of the indemnity which the surety company was entitled to demand from the appellant, the order and commitment were irregular. This question has been determined adversely to the contention of the appellant in the case of People v. Grant, 11 N. Y. St. Rep. 559, where it was held that there was no particular magic in the word "fine," and that, where it was the clear intention of the court to impose the payment of the amount unjustly withheld by the person to be committed, it was sufficient to state that the moving party had been injured to this extent, and to require the payment of the amount.

In regard to the fact that the commitment specifies no fixed duration of the imprisonment, which it is claimed, upon the part of the appellant, is an irregularity, as such imprisonment can only be for a reasonable time, not exceeding six months, it seems to be sufficient to say that by section 2285 of the Code it is provided that where the misconduct proved consists in the omission to perform an act or duty which it is yet in the power of the person to perform, he shall

be imprisoned only until he has performed it and paid the fine imposed, and that in such a case the order and the warrant of commitment must specify the act or duty to be performed and the sum to be paid. The order and warrant of attachment in the case at bar specified with sufficient clearness the act to be performed, and directed the discharge of the appellant upon compliance with the order, and the act was one which, in a legal sense, it was in his power to perform. That, as matter of fact, he may be unable to pay over the trust fund, because he has embezzled and squandered it, is immaterial. That kind of inability is not the lack of power to do the act directed to be done which the law contemplates. The order and warrant seem, therefore, to have complied with the provisions of the Code in respect to the duration of the imprisonment. We think, however, that the court, in the absence of proof and judicial determination thereon, had no power to adjudge that the costs and expenses were $250. There is not a scintilla of evidence contained in this record to show what the costs and expenses were, and there was nothing upon which the court could act. It was improper, therefore, for the court to require the payment of this sum as costs and expenses. It was not imposed as a fine in addition to the loss and injury which was occasioned by the neglect of the appellant, but as an indemnity for disbursements incurred, in respect to which there is no proof.

We think, therefore, that the order and commitment should be modified by striking therefrom the provision requiring the payment of the sum of $250 as costs and expenses, and that, as so modified, the order and commitment should be affirmed, without costs to either party. All concur.