as requested, and to his modification of the request by making the duty of the plaintiff to obey the ordinance depend upon the crowded condition of the car. We think this was error.

The judgment must be reversed and a new trial granted.

---

(18 App. Div. 158.)

### SCHREIBER v. SANFORD et al.

(Supreme Court, Appellate Division, Second Department. May 21, 1897.)

CIVIL CONTEMPT—SURETY ON INDEMNITY BOND—FALSE JUSTIFICATION.

    Under Code Civ. Proc. § 14, declaring a civil contempt any misconduct "by which a right or remedy of a party to a civil action or special proceeding pending in the court may be defeated, impaired, impeded or prejudiced," a surety on a bond given to indemnify the sheriff on an attachment is not punishable for contempt in making a false affidavit of justification as such surety, where the only person injured thereby was one not a party to the attachment suit, whose property was levied on, and who afterwards sued the sheriff for conversion.

Appeal from special term, Kings county.

Action by Joseph Schreiber against Loda V. Sanford, impleaded with the Raymond & Campbell Manufacturing Company and Thomas Winston. From an order adjudging defendant Sanford guilty of contempt, and fining him the amount of the judgment, he appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Herbert T. Ketcham, for appellant.

I. Newton Williams, for respondents.

WILLARD BARTLETT, J. The appellant has been adjudged guilty of a contempt of court, under subdivision 4 of section 14 of the Code of Civil Procedure. That subdivision provides for the punishment of certain specified acts and "any other unlawful interference with the proceedings" in an action. The appellant is charged with misconduct which constituted such unlawful interference, in having sworn falsely as a surety. He was a surety upon a bond given to indemnify the sheriff of Kings county on an attachment granted in an action in which the Raymond & Campbell Manufacturing Company was the plaintiff, and Richard J. Bird and Thomas J. Bird were the defendants. In justifying upon said bond, he swore that he was the owner and holder in his own right of a house and lot known as "492 Jefferson Avenue," in the city of Brooklyn. It now appears that these premises belonged to his wife. The sheriff proceeded under the attachment against the Birds, but levied upon property in fact belonging to Joseph Schreiber, who subsequently instituted the present suit against the sheriff for the conversion of his said property. The indemnitors were made defendants in place of the sheriff, and Schreiber obtained judgment against them all. He then assigned the judgment to Margaret Winston, in whose behalf this contempt proceeding is conducted.

It will be observed that the appellant's misconduct was not committed in any suit or proceeding to which Schreiber was a party. The bond of indemnity was executed, and the appellant's affidavit as surety was made, on January 25, 1894, while this suit was not begun until nearly a month later. The only parties to the action in which the bond was given were the Raymond & Campbell Manufacturing Company, on the one hand, and Richard J. Bird and Thomas J. Bird, on the other. The fact that the sheriff erroneously took Schreiber's property under the attachment did not make Schreiber in any sense a party to that litigation, although it had the effect of inducing him speedily to become a party plaintiff in this one. As far as the parties to the Bird suit were concerned, the false statement in the appellant's affidavit of justification occasioned no injury, and has given rise to no complaint. That it was injurious to Schreiber may be assumed; for, unless indemnified as he was, the sheriff would hardly have levied upon Schreiber's property under the attachment against the Birds. Upon this state of facts, the question presented for our decision is whether the false justification of a surety is a contempt of a court, when it does not injuriously affect the rights or remedies of any party to an action or special proceeding pending at the time of the justification, but merely operates to the injury of a person who subsequently sues for the redress of such injury. I think the statute itself furnishes the answer to this question. The acts of neglect or violation of duty or other misconduct which a court of record is empowered to punish, under section 14 of the Code of Civil Procedure, are only acts "by which a right or remedy of a party to a civil action or special proceeding pending in the court may be defeated, impaired, impeded, or prejudiced." Language could hardly be clearer than this. Unlawful interference, to the detriment of suitors, with the regular and orderly progress of litigated causes in the courts, was what the statute was designed to prevent; and the purpose was to provide summary methods to protect litigants against injury by reason of such unlawful interference. The protection of persons whose grievances were already before the court was the object in view, not the present protection of those who might at some future time become suitors.

I have not been able to find any case in which an act has been punished as a contempt, under section 14 of the Code, unless it injuriously affected the rights or remedies of a party to a civil action or proceeding which was pending at the time of the commission of the act. In Lawrence v. Harrington, 63 Hun, 195, 17 N. Y. Supp. 649, the contempt consisted in swearing falsely in the course of a justification as sureties on appeal. Here the misconduct had a directly injurious effect upon the plaintiffs in the action whose execution against the defendant was stayed by the undertaking. The original motion to punish for contempt was denied at special term, but the general term held that it should have been granted. The case then went back to special term, where an order was made imposing a fine of $1,110.89 upon the sureties; and this order was affirmed both at the general term and in the court of appeals. See 133 N. Y. 690, 31 N. E. 627. The acts of misconduct cognizable under section 14 of the Code of Civil Procedure belong to the class now usually denominated "civil contempts," or

sometimes "private contempts," and arise out of "an injury or wrong done to a party who is a suitor before the court, and has established a claim upon its protection." People v. Court of Oyer & Terminer, 101 N. Y. 245, 4 N. E. 259. In the case before us; the injury or wrong done by the appellant in swearing falsely as to the ownership of the property mentioned in his affidavit was not done to any one who was a suitor before the court, or had established a claim upon its protection. However censurable in morals or punishable under the criminal law, it did not bring him within the purview of the Code provisions concerning contempt of court. These must be construed strictly. Fromme v. Gray, 14 Misc. Rep. 592, 595, 36 N. Y. Supp. 1107; s. c. affirmed, and opinion approved, 148 N. Y. 695, 698, 43 N. E. 215. To enlarge the operation of the law of contempt in accordance with the views of the respondent would be a radical departure from the rules which have heretofore been observed by the courts in the interpretation and application of the statutes on the subject. As the present prosecution could not be maintained by Joseph Schreiber, inasmuch as he was not a party to any action or special proceeding pending at the time of the appellant's misconduct, in which that misconduct operated to his injury, it follows that it cannot be maintained by Margaret Winston, to whom he has assigned the judgment.

The order appealed from should be reversed. All concur.