(72 App. Div. 88.)

NUCCIO v. PORTO.

(Supreme Court, Appellate Division, First Department. May 9, 1902.)

1. CONTEMPT—FICTITIOUS BOND—ATTORNEYS.

Under Code Civ. Proc. § 14, subds. 2, 8, giving a court of record power to punish as for contempt a party to any action for putting in fictitious bail or surety, and to likewise punish for contempt in any case where such proceeding has been usually practiced in a court of record to enforce a civil right of a party to an action in such court, or to protect the right of a party, a court of record has power to punish an attorney for contempt in knowingly procuring the court's approval of a worthless bond for an order of arrest.

2. SAME—FALSE JUSTIFICATION BY SURETY.

Under Code Civ. Proc. § 14, subd. 4, giving a court of record power to punish as for contempt any unlawful interference with proceedings in such court, the false justification of a surety in an undertaking which is to be the basis of an order of arrest is punishable as contempt.

Appeal from special term, New York county.

Action by Dominico Nuccio against Dominico Porto. Francis L. Corrao and Guiseppe Ruggio were adjudged guilty of contempt of court, and they appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Francis L. Corrao, for appellants.
John Palmieri, for respondent.

LAUGHLIN, J. This is an action for libel. The appellant Corrao was the attorney of record for the plaintiff, and he procured an order of arrest, and furnished an undertaking with appellant Ruggio and another as sureties. The defendant was taken into custody on the order of arrest, and subsequently released on bail. The order of arrest was vacated on defendant's motion, and he thereupon brought an action in the city court against the sureties on the undertaking to recover the damages sustained by reason of the arrest. He obtained judgment by default, and after the issue and return of an execution unsatisfied proceedings supplementary to execution were instituted. Upon the examination facts developed indicating that Ruggio was worthless, and the other surety was fictitious. A motion was then made to punish the plaintiff, the attorney, and the sureties for contempt of court in having knowingly procured the approval of an undertaking with worthless and fictitious sureties. The alleged mythical surety was not served, and could not be found. After hearing the affidavits both in favor of and in opposition to the motion, the learned judge presiding determined that it was a case where common-law proof should be required, and he directed that the parties and their witnesses appear before him for examination. The plaintiff and the appellants and all witnesses produced by either of them were fully examined upon the hearing. The evidence fairly justified the inference that the appellant surety was not worth sufficient property to warrant his justifying as a surety; that the other surety was fictitious or insolvent; and that these facts were known to the plaintiff's attorney, who procured the sureties and the approval of the undertaking. The contempt proceedings were regular, and the fine imposed was the amount of the judgment obtained by the defendant against the sureties, together with $10 costs of the motion.

The court doubtless has inherent power to punish an attorney for misconduct while acting as an officer of the court, and such authority is expressly conferred by the Code of Civil Procedure. Code Civ. Proc. § 14, subds. 2, 8; In re H., 87 N. Y. 521. There can be no question, therefore, but that the attorney was properly adjudged guilty of contempt. The statutory authority, however, to punish a surety who is not a party to the action is not very extensive. The court has found, and we think the determination is supported by evidence, that the surety testified falsely for the purpose of deceiving the court. The undertaking was executed, furnished, and accepted as a "proceeding of the court," for upon it the court acted in granting the order of arrest, and the false justification of the surety in an undertaking which was to be the basis of an order of arrest constituted

an unlawful interference with the progress of the action. Code Civ. Proc. § 14, subds. 2, 4; In re Hay Foundry & Iron Works, 22 App. Div. 87, 47 N. Y. Supp. 802; Lawrence v. Harrington, 63 Hun, 195, 17 N. Y. Supp. 649; Id., 133 N. Y. 690, 31 N. E. 627. This authorized and fully justified punishing him for contempt. There is and can be no question but that the fine was justified as to the amount if the appellants were guilty of contempt.

It follows, therefore, that the order should be affirmed, with $10 costs and disbursements. All concur.