---

(82 App. Div. 81.)

## STOLTS v. JACKSON et al.

(Supreme Court, Appellate Division, First Department. April 9, 1903.)

1. CONTEMPT—VIOLATION OF INJUNCTION.
    The owner of a dock and adjacent premises leased to plaintiff a strip a few hundred feet from the river, with right to use the dock. He afterwards leased the southerly half of the intervening land and dock to defendant J., and the other half to defendant W. In a suit to maintain plaintiff's right of access to the dock it was determined that the tract last leased to W. was first subjected to plaintiff's use, but, if inadequate, he had the right to use so much of the half leased to J. as might be necessary, and defendants were enjoined from in any manner obstructing plaintiff's access to the dock, or the use of so much thereof as needed in his business. After the original application for the injunction, the part of the dock leased to W. became out of repair, and was condemned by the dock department, and J. built a fence preventing access to the part leased to him, and forcibly prevented plaintiff's access

to or use of the dock. *Held* a clear violation of the injunction order, and a contempt of court, and warranting not only a fine, but also plaintiff's provable damages and expenses, and the imprisonment of J. until he manifested a willingness to fairly comply with the order.

**2. SAME—ADVICE OF COUNSEL.**
The fact that defendant acted under the advice of counsel in violating an injunction is no justification, and merely goes in mitigation.

**8. SAME—ATTORNEYS—ADVICE TO CLIENT.**
Where defendant's attorneys deliberately advised him in resisting the plaintiff on the theory that it was the duty of the plaintiff to put the northerly half of the dock in repair, though the order did not impose such duty, but gave plaintiff the right to use the southerly half whenever the northerly half should be inadequate for any reason, and these attorneys were familiar with all the facts, they should be found guilty of contempt, and be visited with more severe punishment than the client.

Appeal from Special Term, New York County.

Action by Julius W. Stolts, as president of J. & J. W. Stolts, an association, against Carl D. Jackson and others. From an order adjudging defendant Jackson guilty of contempt, he appeals. Affirmed.

See 78 N. Y. Supp. 687.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and LAUGHLIN, JJ.

Albert Stickney, for appellant.
Charles M. Demond, for respondent.

LAUGHLIN, J. The appellant has been adjudged guilty of contempt of court for having willfully disobeyed an injunction order made by this court on the 21st day of November, 1902, in accordance with the opinion delivered on the decision of an appeal by the plaintiff from an order denying a motion for an injunction in this action. 76 App. Div. 137, 78 N. Y. Supp. 687. The material facts relating to the relationship and rights of the parties are stated in our former opinion, and need not be restated here. Our decision established that the defendant Tuska was the owner of the dock, bulkheads, and adjacent premises on East river between 105th and 106th streets; that he leased a strip of land extending from 105th street to 106th street, a few hundred feet from the river, to the plaintiff, together with the right of access to and use of this dock; that he thereafter leased the southerly half of the lands lying between the lands thus leased to plaintiff and East river to the appellant, Jackson, and subsequently leased the northerly half to the defendant Wright; that while, as between him and the owner, the plaintiff at least acquired the right of access to the dock from either street, and the use of any or all of the dock as might be necessary for the proper transaction of his business, yet as between the plaintiff and the owner and the subsequent tenants such access should be had over the premises last leased, and that part of the dock last leased should be first subjected to the plaintiff's use, but, if inadequate for that purpose, the plaintiff had the right

¶ 2. See Injunction, vol. 27, Cent. Dig. §§ 479, 521.

to the use of so much of the dock leased to the appellant, Jackson, as might be necessary; and all defendants and their agents, servants, and employés were "enjoined and restrained from in any manner obstructing by fences or otherwise, access from 106th street" on the part of the plaintiff, its agents and employés, to and upon said dock, "whenever the plaintiff, its agents and employés, desire or need said dock for the purpose of receiving materials to be used in the business of the plaintiff, or for the purpose of shipping the manufactures of the plaintiff," and from "in any manner obstructing the use by the plaintiff of the said dock along the water front extending from the southerly line of said 106th street as far south as may be necessary for the plaintiff to use said dock in the receiving of said materials to be used in its business and in the shipping of its said manufactures," and "from obstructing the plaintiff from having access to and from said dock from the water of said East river by boats, barges, or otherwise, for the purposes aforesaid."

Since the original application for an injunction it appears that the northerly half of this dock has become so out of repair that it is unsafe and dangerous, and has been condemned by the dock department, and is incapable of being used in its present condition. In these circumstances it is evident that the northerly half of the dock is inadequate for the plaintiff's use, within the spirit and fair intent of our decision and injunction order. The appellant has constructed a high board fence across the dock to the water's edge midway between 105th and 106th streets, and has not only refused to permit the plaintiff to land material for use in its business upon the southerly half of the dock, but has forcibly prevented such landing, and has declined and refused to remove said fence so that the plaintiff might have access to the southerly half of the dock, which only was in a condition suitable for use. This was a clear violation of the injunction order, and it was not a mere temporary violation in ignorance of the appellant's rights, and to afford time to enable him to obtain advice, but it was persisted in after formal respectful demands both by the plaintiff and its attorney. The violation of the injunction order was deliberate and intentional, and would have warranted not only the fine which has been imposed, but also for the plaintiff's provable damages and expenses, and the imprisonment of the appellant as well until he manifested a willingness to fairly comply with the order. Socialistic Co-operative Pub. Ass'n v. Kuhn, 164 N. Y. 473, 58 N. E. 649; Moffat v. Herman, 116 N. Y. 131, 22 N. E. 287; Clark v. Bininger, 75 N. Y. 344; People ex rel. Surety Co. v. Anthony, 7 App. Div. 132, 40 N. Y. Supp. 279; affirmed 151 N. Y. 620, 45 N. E. 1133; Matter of Leggat, 162 N. Y. 437, 56 N. E. 1009; Brown v. Mechanics' & Traders' Bank, 43 App. Div. 173, 59 N. Y. Supp. 354. The appellant says that he acted under the advice of counsel, but this is no justification, and merely goes in mitigation to the extent that the court is satisfied that the advice was sought, obtained, and acted on in good faith. N. Y., Mail & Trans. Co. v. Shea, 30 App. Div. 374, 52 N. Y. Supp. 5; People v. Compton et al., 1 Duer, 512; Ciancimino's T. & T. Co. v. Ciancimino (Sup.) 17 N. Y. Supp. 125, affirmed 133 N. Y. 672, 31 N. E. 625; The Erie R'way

Co. v. Ramsey, 45 N. Y. 637, 654, 655; Hawley v. Bennett, 4 Paige, 163; Rogers v. Patterson, Id. 450.

The motion to punish the appellant for contempt also embraced an application to punish his attorneys. The attorneys have not been formally adjudged guilty of contempt, but they are severely censured in the order, and leave is granted for a further application on the foot of the order to punish them in case they persist in advising the appellant that he has a right to prevent the plaintiff from using the southerly half of the dock, or from having access thereto, both from land and water. Although the plaintiff did not appeal from this part of the order, the conduct of the attorneys for the appellant is so reprehensible that we cannot allow it to pass unnoticed. It appears that they deliberately advised their client in resisting the plaintiff, and they claim to have done this on the theory that it was the duty of the plaintiff to put the northerly half of the dock in repair, and that he could only use the southerly half when the northerly half, used to its full capacity, proved inadequate. It is unnecessary to determine upon whom rested the duty of repairing the northerly half of the dock, for that is wholly immaterial to the question presented. By our order the appellant was commanded to permit the plaintiff to use the southerly half of the dock whenever the northerly half was inadequate for the purposes of its business. The right to such use was not limited by any condition with reference to whether the northerly half could be made adequate for the plaintiff's purposes. It was given whenever the northerly half should be inadequate for any reason. This was the plain intent of the court, clearly shown by the language of its order. The attorneys had opposed the motion for the injunction, and represented Jackson on the appeal. They were familiar with all the facts, and they were aware from the decision of this court that the rights of their client, having been subsequently acquired, and with full notice, were subordinate to those of the plaintiff. They must have known that this court intended by the injunction order to give the plaintiff a right to use this dock from day to day or time to time during the continuance of the litigation until decision and judgment, as the necessities of its business might require, and to protect it in the right of carrying on its business in a reasonable way without interference or obstruction, by any of the defendants, in its access to and use of such part of the dock as might be necessary. It is inconceivable that they did not know the advice they gave would render nugatory the order of this court. Their conduct appears to have been such that they should not only have been fined, but imprisoned. Attorneys who deliberately advise a client to resist or violate an order of the court should be visited with more severe punishment than the client. If counsel are to be permitted to advise their clients to do acts in plain violaton of an injunction order duly issued, it will be difficult to preserve the dignity of the court or to secure the orderly administration of justice. The duty of parties to obey injunction orders is well stated in Mayor, etc., v. New York & Staten Island Ferry Company, 64 N. Y. 622, where the court says:

"Injunction orders must be fairly and honestly obeyed, and not defeated by subterfuges and tricks on the part of those bound to obey them; that they

might be violated by aiding, countenancing, and abetting others in violation thereof as well as doing it directly; and that courts would not look with indulgence upon schemes, however skillfully devised, designed to thwart its orders."

On the same subject, in Ketchum v. Edwards, 153 N. Y. 534-538, 47 N. E. 918, the court said:

"It is, of course, not subject to debate that the order of a court having jurisdiction must be implicitly obeyed, however erroneous it may be, and that it is no answer for one called upon to answer for disobedience that the order or judgment was broader than the facts warranted, or gave relief beyond what was demanded, or what the court, upon the facts, was justified in awarding. The interest in maintaining respect for the action of courts and of orderly jurisprudence forbids that litigants should be permitted, under plea of hardship or injustice, real or pretended, to nullify or set at naught orders or decrees, however improvidently made, even if it may seem certain that the court acted, in granting them, under misapprehension or mistake."

Servants and agents who, with a knowledge of the injunction, aid in its violation, and attorneys who advise its violation, are liable for contempt, even though the order has not been served upon them. King et al. v. Barnes, 113 N. Y. 476, 21 N. E. 182; People v. Sturtevant, 9 N. Y. 263, 277, 278, 59 Am. Dec. 536; Daly v. Amberg (Sup.) 13 N. Y. Supp. 379, affirmed 126 N. Y. 490, 27 N. E. 1038; Mayor v. New York & Staten Island Ferry Co., supra.

The foregoing observations have no relation to the learned counsel for the appellant who argued this cause before us. He was in no way associated with the acts of the attorneys whose conduct we have criticised and condemned.

It follows that the order should be affirmed, with $10 costs and disbursements. All concur.