In re GOSLIN.

(Supreme Court, Appellate Division, First Department. June 10, 1904.)

1. CONTEMPT OF COURT—ATTACHMENT—REPLEVIN—FALSE AFFIDAVIT.

The making of a false affidavit on an undertaking in the replevin of property attached, thereby enabling the plaintiff in replevin to have the property attached removed from the lien of an execution secured in the attachment suit, directly obstructed and impeded the administration of justice, and rendered the maker of the affidavit guilty of contempt of court.

2. SAME—CONTEMPT PROCEEDINGS—AMOUNT OF FINE.

In contempt proceedings instituted by plaintiff in attachment against the maker of the affidavit, plaintiff, in order to warrant the court in imposing a fine equal to the amount of his judgment, must show that he has sustained an actual loss in that amount, under Code Civ. Proc. §§ 2266, 2284, relating to punishment for contempt, and providing that if an actual loss has been produced to a party to an action by reason of the misconduct proved against the offender, and the case is not one where an action is especially permitted for the injury, a fine sufficient to indemnify the aggrieved party must be imposed, and, if it is not shown that such actual loss has been produced, a fine must be imposed, not exceeding the amount of the complainant's costs, and $250 in addition.

**3. SAME.**

It appearing that the property had passed beyond the jurisdiction of the court, so that plaintiff was deprived of his right to have the execution satisfied, and had no redress except an action against some wrongdoer, his damages were presumptively the amount of the judgment.

Appeal from Special Term.

Application by Alfred R. Goslin to punish Charles W. Paget and H. James Alexander for contempt. From an order adjudging him guilty, and fining for contempt of court, said Alexander appeals. Affirmed.

Argued before HATCH, McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLN, JJ.

Isaac L. Miller, for appellant.
Wm. J. Lippman, for respondent.

LAUGHLIN, J. In an action brought in the Municipal Court, Second District, borough of Manhattan, New York, by one Goslin against Jerold M. Eberman, for the recovery of a money judgment, an attachment was issued, upon which a city marshal levied upon property consisting of household furniture situated at the Graham Court building, 116th street and 7th avenue. The plaintiff in the action subsequently recovered a judgment, upon which an execution was duly issued and levied upon the property attached. An action was then brought by appellant's sister, who was the wife of the judgment debtor, against the marshal, for the recovery of the property, she claiming to be the owner thereof, and a writ of replevin was delivered to the sheriff, together with an undertaking in the usual form, and pursuant thereto the property was taken from the possession of the marshal, and has been removed beyond the jurisdiction of the court. The appellant was one of the sureties on the undertaking, and failed to justify after being duly required so to do, and admits that, in consequence of the transfer of the property·three or four days subsequent to his becoming a surety, he was unable to justify. The plaintiff in the replevin action made affidavit that the property levied upon was worth $1,500. The undertaking was given in the sum of $3,000, and the appellant made an affidavit in the usual form, as a surety, that he was worth that amount over and above his debts and liabilities, and exclusive of property exempt from levy and sale under an execution. At the time he executed the undertaking, there were judgments unsatisfied of record against him, on one of which proceedings supplementary to execution were pending, and four days thereafter in that proceeding he testified that he had no property with which to pay the judgment. Upon discovering these facts, a motion was made in behalf of Goslin to punish the appellant for contempt of court, upon the ground that his affidavit upon the undertaking was false, and that Goslin was thereby deprived of the lien of his execution upon property which was ample to pay the judgment, and deprived of his right to have the judgment satisfied out of the property. The evidence satisfactorily showed that the affidavit of the appellant upon the undertaking was false. This rendered him liable to punishment for contempt of court, for he thereby enabled his sister

to have the property removed from the lien of Goslin's execution, and his act directly obstructed and impeded the administration of justice, and was calculated to impair and defeat the rights of Goslin. Lawrence v. Harrington, 63 Hun, 195, 17 N. Y. Supp. 649, affirmed in 135 N. Y. 690, 31 N. E. 627; Nuccio v. Porto, 72 App. Div. 88, 76 N. Y. Supp. 96; Foley v. Stone (Sup.) 9 N. Y. Supp. 194; Simon v. Aldine Pub. Co., 14 Daly, 279; Keating v. Goddard, 8 Civ. Proc. R. 377. Appellant was fined the amount of the judgment and costs and expenses of the contempt proceedings. His counsel contends that Goslin failed to show any damages resulting from the giving of the undertaking, and that the court was not justified in fining the appellant the amount of the judgment. The contempt proceeding was instituted for the purpose of redressing the injury to Goslin, and he was required to show not only that the false affidavit upon the undertaking might defeat, impede, impair, or prejudice a right or remedy which he had as a judgment creditor; but, in order to warrant the court in imposing a fine equal to the amount of the judgment, he was called upon to show that he had sustained an actual loss in that amount. Code Civ. Proc. §§ 2266, 2284; Moffat et al. v. Herman, 116 N. Y. 131, 22 N. E. 287; Erie R. R. Co. v. Ramsey, 45 N. Y. 637; Burnham v. Denike, 53 App. Div. 407, 409, 65 N. Y. Supp. 1028; Fall Brook Coal Co. v. Hecksher, 42 Hun, 534; Luedeke et al. v. Coursen (City Ct. N. Y.) 23 N. Y. Supp. 314. If the sheriff had retained the property so that it could have been redelivered to Goslin upon the surety failing to justify as required by law (Code Civ. Proc. § 1702), the court doubtless would not have been warranted in fining the appellant the amount of the judgment. It appearing, however, that the property has passed beyond the jurisdiction of the court, it is manifest that Goslin has been deprived of his right to have the execution satisfied out of this property, and that he has no redress except an action against some wrongdoer. It is not a prerequisite to the punishment of a party for contempt that the party to the action in whose interest the contempt proceeding is instituted shall have exhausted all other remedies for making good the damages. People ex rel. Surety Co. v. Anthony, 7 App. Div. 132, 40 N. Y. Supp. 279, affirmed in 151 N. Y. 620, 45 N. E. 1133; Buffalo, L. T. & S. D. Co. v. Medina, G. & E. L. Co., 68 App. Div. 414, 420, 74 N. Y. Supp. 486; Matter of Hay Foundry & Ironworks, 22 App. Div. 87, 47 N. Y. Supp. 802; Rowley v. Feldman, 84 App. Div. 400, 82 N. Y. Supp. 679; King et al. v. Barnes, 113 N. Y. 476, 21 N. E. 182; Clark v. Bininger, 75 N. Y. 344; Matter of Morris, 10 N. Y. St. Rep. 50, 53. We are of opinion, therefore, that, upon these facts, Goslin's damages caused by the appellant's contempt were presumptively the amount of the judgment.

It follows, therefore, that the order should be affirmed, with $10 costs and disbursements. All concur.