### HALL v. LANZA.

(Supreme Court, Appellate Division, Fourth Department. October 4, 1904.)

1. CONTEMPT—FICTITIOUS BAIL—INFANT AS SURETY ON APPEAL BOND—STATUTE.

Where, on appeal from a judgment in a justice court, defendant furnished an undertaking signed by his wife, as the only surety or obligor, and, on affirmance of the judgment, execution was issued, and returned unsatisfied, whereupon suit was instituted against the surety, to which she pleaded infancy at the time of signing the undertaking as well as at the time she was sued, the husband was punishable as for contempt, under Code Civ. Proc. § 14, subd. 2, providing that a party may be punished for contempt for putting in fictitious bail, whereby the remedy of the plaintiff to enforce his judgment is defeated, impaired, impeded, or prejudiced.

Appeal from Special Term, Chautauqua County.

Action by J. Preston Hall against Peter Lanza. From an order denying plaintiff's motion to punish the defendant as for a contempt of court, plaintiff appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Louis L. Thrasher, for appellant.
Herman J. Westwood, for respondent.

SPRING, J. The plaintiff recovered a judgment against the defendant in Justice's Court. An appeal was taken to the County Court by the defendant, and an undertaking was given to perfect the appeal, upon which his wife, who was an infant, was the only surety or obligor. The judgment was affirmed in County Court, and judgment entered for the plaintiff for $276.62 damages and costs. Execution issued on the judgment was returned wholly unsatisfied. An action was thereupon commenced against the surety, who answered, setting up the fact of her infancy as a defense. The plaintiff then procured an order to show cause why the defendant should not be punished for contempt "for putting in fictitious bail" (Code Civ. Proc. § 14, subd. 2), whereby the remedy of the plaintiff to enforce his judgment was "defeated, impaired, impeded or prejudiced" (Code Civ. Proc. § 14).

The proof is undisputed that the surety was under the age of 21 years at the time she executed the undertaking, and also when she was sued thereon. It also appears without controversy that the defendant

knew when his wife signed the undertaking that she was a minor. He was an active, money-making business man, of considerable experience.

The county judge, as appears from his opinion, refused to grant the order punishing for contempt, upon the ground that the bail was not fictitious. We cannot concur in this view. The undertaking was given to aid the defendant on his appeal, and to insure the plaintiff in the collection of his judgment in the event of its affirmance. To fill the measure of its purpose, it must be enforceable—a security available to the obligee in results. This was not that kind of an obligation. Fictitious bail is not limited to a false signature or to an insolvent surety, but to bail which the obligee may not realize upon. An undertaking which is to be paid only at the option of the obligor is not a genuine obligation, but fictitious—a mere counterfeit—and the vice inheres in the instrument from its inception. To be sure, as is urged, the surety might not avail herself of her defense. She might pay, but her minority constituted an absolute bar to enforcement of the undertaking if she saw fit to interpose it. An insolvent might pay, but his undertaking would be fictitious. Nuccio v. Porto, 72 App. Div. 88, 76 N. Y. Supp. 96. Had exception been taken to this surety by the plaintiff on the ground that she was an infant, the court would at once have required a new surety, entirely disregarding the existing surety. The suggestion that she might not plead her infancy would not have been considered by the court.

It is suggested that the application to punish for contempt may have been denied by the county judge in the exercise of his discretion. The proofs were undisputed, including the infancy of the surety, defendant's knowledge thereof, and the surety's insistence of it as a defense to the action on the undertaking. If the court had based its decision upon that ground, its exercise would have been warranted. The opinion shows that the county judge did not regard the undertaking fictitious bail, and that was the only reason for denying the application. We do not deem it necessary to pass upon the question, but it may be added that it has been held in two departments of this court that the opinion may be referred to for the purpose of ascertaining the reasons which governed in disposing of the case. Bryant v. Allen, 54 App. Div. 500–504, 67 N. Y. Supp. 89; Fox v. Met. Street Ry. Co., 93 App. Div. 229, 87 N. Y. Supp. 754; Crossman v. Wyckoff, 64 App. Div. 554–558, 72 N. Y. Supp. 337; Curtis Bros. Lumber Co. v. McLoughlin, 80 App. Div. 636–638, 80 N. Y. Supp. 1016.

The order of the county court should be reversed, with $10 costs of this appeal, and the application to punish the defendant for contempt granted, with $10 costs, and the defendant adjudged guilty of contempt, whereby the right or remedy of the plaintiff has been defeated and prejudiced; and the defendant is fined the sum of $276.62, with interest thereon since December 1, 1902; said respondent is further directed to pay the costs and expenses as above set forth, and it is hereby directed that he stand committed to the county jail of Chautauqua county, there to remain by reason of said contempt until said fine and costs be fully paid, unless sooner discharged by the court, and that the proper process issue to make effective the decision herein.

So ordered. All concur, except WILLIAMS, J., not voting.