GAYNOR, J. (dissenting). The relator was dismissed from his position as foreman in the department of highways in the borough of Queens by the president of that borough. He claims that his dismissal was illegal in that he was not given the hearing on notice and upon stated charges required by section 21 of the civil service law. That section requires such a hearing to one—

"who shall have served the term required by law in the volunteer fire department of any city, town or village in the state, or who shall have been a member thereof at the time of disbandment of such volunteer fire department."

In his petition on which the writ was obtained the petitioner alleges that he is "a veteran exempt volunteer fireman"; and this is all there is on the subject, except the further allegation that:

"His certificate as such veteran exempt was duly filed in the office of the department of highways of the city of New York on or about the 10th day of July, 1902."

It is insufficient; it is necessary that the facts prescribed by the statute should be specifically shown. A mere statement of a legal conclusion does not suffice; and the relator does not even do that much. People ex rel. Lawson v. Coler, 159 N. Y. 569, 54 N. E. 1094; 40 App. Div. 65, 57 N. Y. Supp. 636. The statement that the certificate was filed in the office of the department of highways is a useless one; and to call the paper filed a "certificate as such veteran" was only to state a conclusion. Moreover, no evidence was given to prove the allegation of veteranship. It was not for the borough president, the respondent, to take it for granted. The relator was claiming a privilege, and had to make it out.

The determination of the respondent should be confirmed.

---

(54 Misc. Rep. 135.)

### SIRKIN v. FOURTEENTH ST. STORE.

(City Court of New York, Special Term. April, 1907.)

CONTRACTS—ILLEGAL ACTS—WHO MAY SET UP.

In an action to recover for merchandise sold, defendant cannot set up that plaintiff paid a gratuity to its purchasing agent in contravention of Pen. Code, § 384r, providing that any person influencing agents, employés, or servants by gifts or gratuities shall be guilty of a misdemeanor, without any allegation that defendant suffered from the wrong either of the agent or the servant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 95, Contracts, § 683.]

Action by Samuel Sirkin against the Fourteenth Street Store. Motion for verdict granted. Affirmed on appeal, see 105 N. Y. Supp. 179.

Feltenstein & Rosenstein, for plaintiff.
Rose & Putzel, for defendant.

HASCALL, J. Conceded that plaintiff delivered to defendant corporation merchandise of the value of $1,555.81, upon a sale and purchase; that the goods were retained and used; that payment there-

for has not been made; and that this action is brought to recover the price. Defendant admits reception of the goods under purchase, but avers, for separate defense, that without its knowledge or consent, pursuant to unlawful and criminal design, and for the purpose of influencing the conduct of defendant's purchasing agent, and against the act in such case made and provided, plaintiff offered and did pay to such agent $75 for obtaining the order for the goods afterward sent to defendant; that there was no consideration for advance of the money to the agent by plaintiff; that such conduct of plaintiff was part of the entire transaction, contrary to statute and public policy, and was illegal and void, for which reasons defendant pleads for dismissal of the complaint.

Motion is made for direction of a verdict for the plaintiff upon stipulation and an agreed state of facts, for that no defense good in law is set up. The statute invoked is section 387r of the Penal Code (Laws 1905, p. 225, c. 136), and is as follows:

"Sec. 384r. Corrupt Influencing of Agents, Employés or Servants.—Whoever gives, offers or promises to an agent, employé, or servant, any gift or gratuity whatever, without the knowledge and consent of the principal employer, or master of such agent, employé, or servant, with intent to influence his action in relation to his principal's, employer's or master's business; or an agent, employé or servant who, without the knowledge and consent of his principal, employer, or master, requests, or accepts a gift, or gratuity, or a promise to make a gift, or to do an act beneficial to himself, under an agreement, or with an understanding that he shall act in any particular manner to his principal's, employer's or master's business, or an agent, employé or servant, who, being authorized to procure materials, supplies or other articles, either by purchase or contract for his principal, employer or master, or to employ service or labor for his principal, employer or master, receives, directly or indirectly, for himself or for another, a commission, discount or bonus, from the person who makes such sale or contract, or furnishes such materials, supplies or other mateials, or from a person who renders such service or labor; and any person who gives or offers such an agent, employé or servant such commission, discount or bonus, shall be guilty of a misdemeanor and shall be punished by a fine of not less than ten dollars nor more than five hundred dollars, or by such fine and by imprisonment for not more than one year."

Contended by defendant that the court should not aid either party to an illegal contract against the other, whether the same be executory or executed, where the parties are in pari delicto, and even without such relation, that no relief should be afforded to the guilty one. It is held that the contract pleaded is not illegal. No contention is put forth by defendant that it has suffered from the wrong of either its agent or the seller, nor that the contract still remains executory, but that, upon broad moral grounds, defendant should not be compelled to pay for the goods it has used. It also held that the cases cited in opposition to the motion—Goodrich v. Houghton, 134 N. Y. 115, 31 N. E. 516 (the lottery); Whiteley v. Terry, 83 App. Div. 197, 82 N. Y. Supp. 89 (the real estate broker); Johnston v. Dahlgren, 166 N. Y. 354, 59 N. E. 987; Schnaier v. Navarre Hotel Co., 82 App. Div. 25, 81 N. Y. Supp. 633 (the plumber)—do not apply. The wording the decision in Drake v. Lauer, 93 App. Div. 86, 86 N. Y. Supp. 986, full of strength and soundness, enforcing application of the doctrine concerning good morals, is yet inapplicable to the case at bar, since there is not here involved an unlawful contract. Were the agent seek-

ing to recover from the seller his commissions, or were the seller endeavoring to force the agent to perform terms of an agreement to bring a purchaser, there would be no doubt concerning validity of the defense, but defendant, having obtained plaintiff's property under an executed contract, with no plea of damage, may not now successfully interpose operation of this statute.

The act, being penal, is to be strictly construed. It may not be successfully asserted that the Legislature, in its usual cautious wisdom, intended more than it expressed, and no word appears suggesting illegality nor voidability of contract; nor, viewed in the light of interpretation established by the courts, can we say that the lawmaking power intended to assume to summarily set aside the solemn and binding force of the Constitution (even if it possessed such jurisdiction), impair the obligation of contracts, abbreviate rights thereunder, or to establish a new means of confiscation, else we would have words explicit and effectual declaring such purpose. Especially may this be urged, while writing upon the case under review, where the contract is completed between seller and purchaser, where no pecuniary damage is averred, nor even inconvenience suffered by acts of the party or the agent. No tender back of the goods is suggested, nor aught done by defendant to restore primary conditions. While it is not intended to consider more than is strictly involved in the subject of this memorandum, yet sometimes it helps in determining an important question to step aside to look upon the same from a standpoint merely academic or simply practical; and, while not strictly involving consideration of good morals nor public policy, it may be pertinent to suggest that if defendant be prompted to obtain the property of another to-day without compensating him therefor, why may not his agent, who is guilty of unlawfully obtaining commissions, continue his practice in a spirit of goodness toward his principal and obtain the goods of other sellers by like method and without knowledge on the part of the principal of the ways pursued, but yet to the great enrichment of such innocent purchaser?

Motion is granted, and verdict directed for plaintiff for $1,576.92, to which objection and exception will be noted. Minute will be also made of stay of execution for 10 days, with 30 days in which to serve case.

Ordered accordingly.